Grady GASKIN et al., Appellants,

v.

John R. PERRITT, Appellee.

No. 8071.

Court of Civil Appeals of Texas,
Texarkana.

Oct. 5, 1971.

**212**

Norman C. Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellants.

Bascom Perkins, Perkins & Perkins, Mt. Pleasant, for appellee.

RAY, Justice.

Appellee, John R. Perritt, recovered damages for his personal injuries in the trial court in the sum of Five Thousand Three Hundred Fifty-two and No/100 ($5,352.00) Dollars based upon a jury verdict in his favor. The automobile collision occurred at the intersection of West Second Street and North Van Buren Street in the City of Mount Pleasant, Texas. The jury found the appellant (defendant) Melvin Ray Gaskin guilty of failing to stop his automobile at the stop sign facing him on West Second Street. Melvin Ray Gaskin was driving an automobile owned by his father, Grady Gaskin, in a westerly direction on West Second Street and did not stop at the sign but proceeded into the intersection where he collided with appellee Perritt who was traveling in a northerly direction on North Van Buren Street. Appellant stated that he could not see the stop sign because there was a car parked at the curb blocking his view. The jury found appellant Gaskin guilty of failing to stop his automobile at the stop sign at the intersection of West Second Street and North Van Buren Street, as well as three additional acts of negligence, each being found to be a proximate cause of the collision. The jury absolved appellee Perritt of any act of contributory negligence, except that appellee failed to keep a proper lookout; but the jury found this was not a proximate cause of the collision.

Appellant comes to this court on three points of error which will be taken up in order. His first point of error is that the trial court erred in submitting Special Issue No. 6 inquiring whether appellant drove his automobile into the path of appellee's automobile. The jury answered this special issue "yes", and further found that it was negligence and a proximate cause of the collision in question. Appellant testified that he did not see the stop sign that was facing him on West Second Street; that he did not stop at the intersection, but proceeded into the intersection after slowing down; that he did not see any traffic on the intersecting North Van Buren Street, and did not see appellee's car until after the collision occurred. The jury found that appellant had failed to keep a proper lookout and that such was negligence and a proximate cause of the collision; that appellant failed to apply his brakes on his automobile, and that such was negligence and a proximate cause of the collision, as well as answering Special Issue No. 6 in the affirmative.

We hold that the jury's answer to Special Issue No. 6 may be disregarded, since it has been rendered immaterial by other findings. Rule 301, Texas Rules of Civil Procedure; McDonald, Texas Civil Practice, Sec. 17.30–17.32; C. & R. Transport Inc. v. Campbell, 406 S.W.2d 191 (Tex. Sup.1966); Camco, Inc. v. Evans, 377 S.W.2d 703 (Tex.Civ.App. San Antonio 1963); Martin v. Gurinsky's Estate, 377 S.W.2d 710 (Tex.Civ.App. Austin 1964, er. ref'd, n. r. e.).

In appellant's points of error 2 and 3 he complains of the submission by the trial court of sub-section c of Special Issue No. 11 regarding compensation for appellee's injuries. The court instructed the jury that in arriving at the amount to be awarded, the jury could consider:

"(c) Loss of earning capacity, if any, which you believe from a preponderance of the evidence that John R. Perritt, in reasonable probabili-

ty, will sustain in the future from and after this date as a direct and proximate result of the collision in question."

Appellant objects to this issue on the grounds there is no evidence to support the issue and, in the alternative, that the evidence is insufficient to support the issue. Appellant's point of error No. 2 concerns the "no evidence" question, and point of error No. 3 concerns the "insufficient evidence" issue.

The record reflects that appellee is a Baptist preacher who was sixty-eight years of age at the time of the collision, and who was earning $60.00 per week. Appellant contends that because appellee continued to preach after the collision there was no evidence of loss of earning capacity, or in the alternative, there was insufficient evidence of a loss of earning capacity. Appellant's second and third points of error are overruled. Dr. John M. Ellis, M.D., of Mount Pleasant, Texas, testified that appellee had suffered permanent injury to his right knee and that he would have recurrent pain in that knee joint with recurrent swelling, and that he would have difficulty in walking. The doctor further testified that the appellant was suffering from traumatic synovitis of the right knee, and that such would be painful in the future and would limit appellee's ability to walk. Appellee himself testified that the injuries had affected his ability to walk, and that when he preached, it was under difficulty of pain caused by his injuries suffered in the collision. Appellee will obviously be limited in the performance of his pastoral duties. There appears to be ample evidence in the record in this case to substantiate the findings of the jury. We therefore hold that evidence was introduced by appellee to sufficiently warrant the submission of Special Issue 11, and the instruction in sub-section (c). Mills v. Thomas, 435 S.W.2d 593 (Tex.Civ.App. Tyler 1968).

▇▇▇▇ Appellee filed his motion to affirm on certificate, or to dismiss appeal

and points out that the trial court overruled the motion for new trial by order entered on March 19, 1971. The appeal bond was not filed in the office of the District Clerk of Titus County, Texas, until April 20, 1971. It is obvious that the cost bond was not filed within thirty days after the order overruling the motion for new trial as is required by Rule 356(a) and Rule 4, Tex.R.Civ.P. Rule 356(a) is mandatory and jurisdictional, and compliance cannot be waived. Roth v. Maryland American General Insurance Company, 454 S.W.2d 779 (Tex.Civ.App. San Antonio 1970, writ ref'd). However, the appellant filed with this court an affidavit signed by the secretary of appellant's attorney, stating that she mailed the appeal bond to the Clerk of the District Court of Titus County on April 13, 1971. Rule 5, Tex.R.Civ.P., was amended by order of the Texas Supreme Court dated July 21, 1970, effective January 1, 1971. The amended rule deleted the requirement that date of mailing be shown by postmark on the envelope or wrapper, and added a provision making a legible postmark conclusive as to the date of mailing. The pertinent part of Rule 5 as it applies to this case is as follows:

" * * * if a motion for new trial, motion for rehearing, or any matter relating to taking an appeal or writ of error from the trial court to any higher court, or application for writ of error is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time; provided, however, that a legible postmark shall be conclusive evidence of the date of mailing."

Linda Logan, secretary to appellant's attorney, made an affidavit which appellant's attorney has filed in this court, stating that on April 13, 1971, she mailed the appeal

bond in this case to the District Clerk of Titus County, Texas, by first class mail in an envelope properly addressed and stamped and deposited in the United States mails at Texarkana. Since the mailing was more than one day before the required time for filing the appeal bond, and since the clerk received and filed the bond within the ten days allowed by Rule 5, Tex.R. Civ.P., we hold that the appeal bond was timely filed. The Courts of Civil Appeals have the power, upon affidavit, to ascertain such facts as may be necessary to the proper exercise of their jurisdiction. Art. 1822, Vernon's Ann. Texas Revised Civil Statutes 1925; Glidden Company v. Aetna Casualty and Surety Company, 155 Tex. 591, 291 S.W.2d 315 (1956). Appellee's motion to affirm on certificate, or to dismiss the appeal is overruled. However, this court wishes to point out the admonitions stated by the Supreme Court in Glidden Company v. Aetna Casualty and Surety Company, supra, that diligence must be used in the filing of the appeal bond and that no discretion is lodged in any court to excuse delay, even of one day, even though the reasons for the delay would be sufficient to justify the exercise of discretion in aid of the appeal, and that a case will be dismissed for want of jurisdiction when the appeal bond is not timely filed. It is incumbent upon appellant's counsel to make absolutely sure that the bond has been timely filed, or be able to show that it was timely placed in the U. S. mails. We suggest that all appeal bonds be mailed by certified mail, return receipt requested, or by registered mail, and that appellant's attorney obtain from the postmaster the small slip showing the date of mailing. If this is not done, then certainly appellant's counsel should make provision for calling the District Clerk prior to the deadline to determine that the bond has been actually filed, and if not, to make personal delivery of the bond to the Clerk.

The judgment of the trial court is affirmed.