John Jay STOKES, Gem Stokes,
and Stokes Properties, Inc.,
Petitioners

v.

ABERDEEN INSURANCE COMPANY
and Highlands Insurance Company,
Respondents.

No. 95–0405.

Supreme Court of Texas.

March 7, 1996.

Ronnie E. Pfeiffer, John G. Emerson, Jr., Jeffrey Lee Hoffman, Houston and Pamela Stanton Baron, Austin, for Petitioners.

Bradley K. Douglas, Austin, for Respondents.

PER CURIAM.

John Jay Stokes, Gem Stokes, and Stokes Properties, Inc. seek reversal of the dismissal of their appeal. They argue that the court of appeals erroneously held they filed their appeal bond late. The issue is the construction of Rule 5 of the Texas Rules of Civil Procedure and Rule 4(b) of the Texas Rules of Appellate Procedure.

The trial judge signed a summary judgment against the Stokes on June 16, 1994. However, the district clerk's postcard notice to the Stokes erroneously stated the date was June *19*, 1994. On Monday July 18, the Stokes forwarded their motion for new trial to the district clerk by Federal Express overnight service. They also mailed a copy of the motion to the district judge at her correct courthouse address. Calculated from the clerk's erroneous June 19th date, the Stokes sent their motion one day earlier than required, but from the actual judgment date they sent it the day it was due.

The clerk received the motion by Federal Express the next day and accepted it for

filing. The district judge does not state the date she received the mailed copy. However, the judge does affirm that she did not follow TEX.R.CIV.P. 74 to exercise her discretion to declare her copy filed. The court of appeals held that the motion for new trial was late, making the appeal bond late, because the Stokes sent the timely *mailed* copy to the judge, not "the proper clerk," and did not *mail* the Federal Express copy the clerk received. 918 S.W.2d 506.

■ If a document "is sent to the proper clerk by first-class United States mail ... properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received ... not more than ten days tardily, shall be filed by the clerk and be deemed filed in time." TEX. R.CIV.P. 5; TEX.R.APP.P. 4(b). The clerk is an officer of the court subject to the court's direction and control in exercising ministerial duties such as filing documents. *See Ex parte Hughes*, 759 S.W.2d 118, 119 n. 1 (Tex. 1988), *quoting Moore v. Muse*, 47 Tex. 210, 215 (1877). The clerk receives documents for filing on behalf of the court.

■ For purposes of determining whether a party files a document timely (thereby establishing appellate deadlines), we hold that mailing the document to the proper court address is *conditionally effective* as mailing it to the proper court clerk's address. *Cf. Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993) (for appellate timetable purposes, the conditionally effective filing date is when first tendered to the clerk, not when filing is perfected by paying the required filing fee); *see also Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 372 (Tex.1990) (motion for new trial sent by Federal Express directed to clerk of a particular judge rather than the clerk of the court, misdelivered to the court administrator through court error, held timely filed as of original delivery date though proper clerk actually received and file-stamped motion seven days later). The ministerial servant of the court is neither separate from nor above the court itself. We hold the Stokes timely filed their motion for new trial under TEX.

R.CIV.P. 5 and TEX.R.APP.P. 4(b) by mailing it to the proper court.

■ The clerk still must receive the document within ten days to perfect the filing. However, here all parties concede the clerk received the Federal Express copy on July 19. We reject the court of appeals' holding that the clerk must receive the same piece of paper the party actually mailed. That is too restrictive a reading of the rules. *See Silk v. Terrill*, 898 S.W.2d 764, 766 (Tex.1995); *Jamar v. Patterson*, 868 S.W.2d at 319; *McRoberts v. Ryals*, 863 S.W.2d 450, 455 (Tex. 1993). We construe the words "the same" in the rules to mean an original or any copy of the motion sufficient for filing. The cautious practitioner would benefit by making doubly sure that the clerk actually receives a copy within ten days.

We grant the Stokes' application for writ of error and, without hearing oral argument, the Court reverses the judgment of the court of appeals and remands the cause to that court to consider the merits of the appeal. TEX.R.APP.P. 170. Our disposition of this cause moots the companion mandamus proceeding[1]. Therefore, we concurrently deny the motion for leave to file petition for writ of mandamus in that companion proceeding. On remand, the court of appeals should issue orders in all related proceedings consistent with this opinion.

---

1. Cause number 95–0535, *Stokes v. Honorable*   *Margaret A. Cooper and Third Court of Appeals.*