COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-329-CV
  
  
MICHELLE WILLIAMS                                                             APPELLANT
  
V.
  
CHERYL HARDIN SCHNEIBER                                                    APPELLEE
  
  
------------
 
FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Michelle Williams appeals the county court at law’s dismissal of her appeal 
from small claims court and the denial of her motion for new trial, asserting 
that the county court at law erred in dismissing her appeal for lack of a 
timely-filed appeal bond, which is required by Texas Rule of Civil Procedure 
571. See Tex. R. Civ. P. 
571. We reverse and remand.
Factual and Procedural Background
        Williams 
filed suit against Appellee Cheryl Hardin Schneiber in the Justice of the Peace 
Court, Precinct Seven, Tarrant County, seeking to recover for damage to her 
automobile she alleged Schneiber caused in a motor vehicle accident. Upon 
hearing and considering all of the evidence, the Justice of the Peace signed a 
take-nothing judgment in favor of Schneiber on August 14, 2002. Thereafter, 
Williams sought to perfect an appeal to County Court at Law No. 2 of Tarrant 
County. The justice court informed Williams that the deadline to file an appeal 
bond was Monday, August 26, 2002.
        On 
August 23, 2002, Williams sent a letter to the Justice of the Peace, in which 
she enclosed three money orders for the filing fee, transcript fee, and the cash 
bond. Williams also stated that her attorney would be filing the appeal bond 
under separate cover. An appeal bond was filed by fax on August 27, 2002, one 
day after the August 26, 2002 deadline, and it was approved on August 28, 2002, 
by the Justice of the Peace. The court’s docket sheet indicates that the 
original appeal bond was mailed; however, the docket sheet reflects that the 
court never received the original signed appeal bond.
        On 
April 15, 2003, Schneiber filed a motion to dismiss, arguing that the county 
court at law lacked jurisdiction over Williams’s appeal because Williams had 
failed to file her appeal bond within ten days of the date the judgment was 
signed. See id. The county court at law conducted a hearing on 
Schneiber’s motion on July 1, 2003, at which time the court reviewed its file 
and heard testimony from Williams and Alan Landerman, a paralegal in the law 
firm representing Williams.
        Williams 
testified that she mailed by priority mail the three money orders to the justice 
court on August 23, 2002. Landerman testified that he mailed the appeal bond to 
the justice court on August 22, 2002. Landerman stated that, because 
Williams’s file was “missing from our firm,” he did not have any documents 
pertaining to the fax or mailing of Williams’s appeal bond. When asked whether 
he had any documents showing that he mailed anything on August 22, 2002, 
Landerman testified that the court’s file included an envelope from the firm 
postmarked August 22, 2002.
        At 
the conclusion of the hearing, the county court at law stated that it had 
reviewed the documents in the file and that the record reflected the appeal bond 
was filed on August 27, 2002, which was outside the ten days Williams had to 
file it. The court granted Schneiber’s motion to dismiss and signed an order 
to that effect. Williams then filed a motion for new trial, arguing that the 
county court at law erred in determining that she had not perfected her appeal. 
After a hearing on Williams’s motion for new trial, the county court at law 
denied Williams’s motion for new trial.
Point on Appeal
        In 
her sole point, Williams asserts that the county court at law erred in 
determining that she had not perfected her appeal with a timely-filed appeal 
bond and in granting Schneiber’s motion to dismiss. We agree.
Standard of Review
        “[I]t 
is well-settled that perfection of an appeal to county court from a justice 
court for trial de novo vacates and annuls the judgment of the justice court.” 
Villalon v. Bank One, No. 01-03-00446-CV, 2004 WL 1404023, at *2 (Tex. 
App.—Houston [1st Dist.] Jun. 24, 2004, no pet.). To perfect such an appeal, 
an appellant, among other things, must file with the justice of the peace an 
appeal bond within ten days from the date a judgment or order overruling a 
motion for new trial is signed. Tex. R. 
Civ. P. 571, 573. If the appeal bond is not timely filed, the county 
court is without jurisdiction to hear the appeal, and the appeal must be 
dismissed for lack of jurisdiction. Searcy v. Sagullo, 915 S.W.2d 595, 
597 (Tex. App.—Houston [14th Dist.] 1996, no writ); Meyers v. Belford, 
550 S.W.2d 359, 359-60 (Tex. Civ. App.—El Paso 1977, no writ). Whether 
Williams timely filed her appeal bond and thereby conferred jurisdiction on the 
county court presents a legal question, which we review de novo. See Mayhew 
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 
526 U.S. 1144 (1999).
Timeliness of Appeal Bond
        In 
this case, the justice of the peace signed the judgment on August 14, 2002. 
Because the 10th day after the justice of the peace signed the 
judgment fell on August 24, 2002, a Saturday, Williams’s appeal bond was due 
on Monday, August 26, 2002. See Tex. 
R. Civ. P. 4, 571; Cont’l Cas. Co. v. Davilla, 139 S.W.3d 374, 
379 n.2 (Tex. App.—Fort Worth 2004, pet. filed). It is undisputed that 
Williams filed a copy of her appeal bond by fax on August 27, 2002 and that the 
copy was approved by the justice of the peace on August 28, 2002. The question 
presented to us is whether Williams perfected her appeal to the county court in 
reliance upon the “mailbox rule.”
        The 
“mailbox rule” found in Texas Rule of Civil Procedure 5 provides in 
pertinent part that
  
[i]f any document is sent to the proper clerk by first-class United States mail 
in an envelope or wrapper properly addressed and stamped and is deposited in the 
mail on or before the last day for filing same, the same, if received by the 
clerk not more than ten days tardily, shall be filed by the clerk and be deemed 
filed in time. A legible postmark affixed by the United States Postal Service 
shall be prima facie evidence of the date of mailing.
 
Tex. R. Civ. P. 5. Williams points to 
Landerman’s testimony that he mailed the appeal bond on August 22, 2002 and 
that an envelope with that date was included in the court’s file, and Williams 
argues that, under the “mailbox rule,” she timely filed her appeal bond.[1]  See id.  Williams also points to an 
envelope from her counsel’s law firm purportedly bearing a postmark of August 
22, 2002, and she asserts that Landerman’s uncontroverted testimony, along 
with the envelope, provide prima facie evidence of the date her appeal bond was 
mailed. See id.; Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978) 
(holding appellant’s cost bond was timely filed based on secretary’s 
uncontroverted affidavit that it was mailed one day before it was due and 
clerk’s receipt of the bond within ten days); Gaskin v. Perritt, 472 
S.W.2d 211, 213-14 (Tex. Civ. App.—Texarkana 1971, no writ) (same).
        Schneiber 
responds that the postmark on the envelope from Williams’s attorney is 
illegible and therefore does not provide evidence of the date of the appeal 
bond’s mailing.  See Tex. 
R. Civ. P. 5 (requiring postmark to be legible to constitute prima facie 
evidence of mailing).  We agree that the postmark on the envelope from 
Williams’s counsel is difficult to read and does not conclusively show a 
postmark of August 22, 2002.
        Landerman’s 
unopposed testimony, however, offers prima facie proof of the date of the 
mailing of the appeal bond. See Davies, 561 S.W.2d at 801; Gaskin, 
472 S.W.2d at 213-14.  Schneiber argues that the clerk’s docket sheet 
refutes the testimony of Landerman because it indicates that the court never 
received the original appeal bond that Landerman said he mailed.  We 
disagree with Schneiber’s assertion that the clerk’s entries in the docket 
sheet refute Landerman’s testimony.  As we stated in Guyot v. Guyot, 
docket sheet notations generally do not form a part of the record which may be 
considered, are inherently unreliable, and constitute “a memorandum made for 
the clerk’s and trial court’s convenience.” 3 S.W.3d 243, 246 (Tex. 
App.—Fort Worth 1999, no pet.).  As such, the clerk’s docket entries do 
not refute or otherwise controvert Landerman’s testimony that he mailed the 
appeal bond on August 22, 2002.  See id.
        Even 
if we were to read the docket sheet entries as evidence concerning the date of 
mailing, the clerk’s notations offer no proof of the actual date of mailing of 
the appeal bond and only reflect that Williams’s counsel informed the clerk on 
August 27, 2002 that the appeal bond was in the mail—without making reference 
to when such a mailing occurred.  The docket sheet also indicates that the 
justice court never received that original appeal bond, but this is a fact that 
is undisputed by both sides.
        Schneiber 
argues that, while Williams offered Landerman’s testimony concerning the 
mailing of the appeal bond, she offered no evidence that the court received 
the appeal bond “not more than ten days tardily.”  See Tex. R. Civ. P. 5.  Thus, we must 
determine whether Landerman’s unopposed testimony that he mailed the appeal 
bond on August 22, 2002, coupled with the fact that the justice court received a 
faxed copy of the appeal bond on August 27, 2002, allowed Williams to rely on 
the “mailbox rule” to perfect her appeal.  See id.
        The 
Supreme Court of Texas has stated that, as a general rule, appellate courts 
should not dismiss an appeal for a procedural defect whenever an arguable 
interpretation of the appellate rules would preserve the appeal.  Verburgt 
v. Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997).  In Stokes v. 
Aberdeen Insurance Company, the supreme court analyzed whether a court clerk 
must receive the same piece of paper that the party mailed via United States 
mail to benefit from the “mailbox rule.”  917 S.W.2d 267, 268 (Tex. 
1996).  The appellants in Stokes sent a motion for new trial to the 
district clerk by Federal Express overnight service on the last day for filing, 
and they mailed a copy of the motion to the district judge at her courthouse 
address by United States mail on the same date. Id. at 267.  The 
clerk received her copy the next day and filed it, but the judge exercised her 
discretion by not declaring her copy filed and did not state what date she 
received the mailed copy.  The court of appeals concluded that the 
appellant’s motion was late, “making the appeal bond late, because the 
[Appellants] sent the timely mailed copy to the judge, not ‘the proper 
clerk,’ and did not mail the Federal Express copy the clerk 
received.”  Id. at 268.
        The 
Supreme Court of Texas rejected the court of appeals’s “holding that the 
clerk must receive the same piece of paper the party actually mailed,” 
concluding that such a requirement “is too restrictive a reading of the 
rules.”  Id.  Rather, the court in Stokes 
“construe[d] the words ‘the same’ in the rules to mean an original or 
any copy of the motion sufficient for filing.”  Id. (emphasis 
added).  The court added, “The cautious practitioner would benefit by 
making doubly sure that the clerk actually receives a copy within ten 
days.”  Id.  The supreme court reversed the judgment of the 
court of appeals and remanded the case for the court to consider the merits of 
the appeal.  Id.
        In 
the case at bar, while nothing in the record indicates that the justice court 
received the appeal bond that Landerman testified he mailed on August 22, 2002, 
the record reflects that the justice court received a faxed copy of the appeal 
bond on August 27, 2002, which was “not more than ten days tardily.”  See 
Tex. R. Civ. P. 5.  
Schneiber’s argument concerns the fact that the court clerk did not receive 
Williams’s appeal bond, but Schneiber makes no argument regarding whether the 
faxed copy filed on August 27, 2002 constituted a “copy . . . sufficient for 
filing” under Stokes. 917 S.W.2d at 268.  We find no prohibition 
to Williams’s filing of the appeal bond by fax.  See Tex. R. Civ. P. 571.  Based on Stokes, 
we hold that Williams invoked the “mailbox rule” as to the filing of her 
appeal bond and perfected her appeal by mailing her appeal bond on August 22, 
2002 and by ensuring that the clerk received a faxed copy of the appeal bond on 
August 27, 2002.  See Stokes, 917 S.W.2d at 268.  Accordingly, 
the county court at law erred in dismissing Williams’s appeal for lack of 
jurisdiction.  Appellant’s sole point is sustained.
Conclusion
        Having 
sustained Williams’s sole point, we reverse the county court’s order 
granting Schneiber’s motion to dismiss the appeal, and we remand this cause to 
that court to try the case de novo or dismiss it if it is not prosecuted.  See 
Tex. R. Civ. P. 571, 573; Stokes, 
917 S.W.2d at 268; Villalon, No. 01-03-00446-CV, 2004 WL 1404023, at *2; Hall 
v. McKee, 179 S.W.2d 590, 593 (Tex. Civ. App.—Fort Worth 1944, no writ).
  
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
 
PANEL F:   LIVINGSTON, 
DAUPHINOT, and GARDNER JJ.
 
DELIVERED: September 30, 2004


NOTES
1.  
During trial, Landerman did not specifically identify the envelope to which he 
was referring.