WILLIAMS V. SCHNEIBER

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-329-CV

MICHELLE WILLIAMS APPELLANT

V.

CHERYL HARDIN SCHNEIBER APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Michelle Williams appeals the county court at law’s dismissal of her appeal from small claims court and the denial of her motion for new trial, asserting that the county court at law erred in dismissing her appeal for lack of a timely-filed appeal bond, which is required by Texas Rule of Civil Procedure 571.  
See
 
Tex. R. Civ. P.
 571.  We reverse and remand.

Factual and Procedural Background

Williams filed suit against Appellee Cheryl Hardin Schneiber in the Justice of the Peace Court, Precinct Seven, Tarrant County, seeking to recover for damage to her automobile she alleged Schneiber caused in a motor vehicle accident.  Upon hearing and considering all of the evidence, the Justice of the Peace signed a take-nothing judgment in favor of Schneiber on August 14, 2002.  Thereafter, Williams sought to perfect an appeal to County Court at Law No. 2 of Tarrant County.  The justice court informed Williams that the deadline to file an appeal bond was Monday, August 26, 2002. 

On August 23, 2002, Williams sent a letter to the Justice of the Peace, in which she enclosed three money orders for the filing fee, transcript fee, and the cash bond.  Williams also stated that her attorney would be filing the appeal bond under separate cover.  An appeal bond was filed by fax on August 27, 2002, one day after the August 26, 2002 deadline, and it was approved on August 28, 2002, by the Justice of the Peace.  The court’s docket sheet indicates that the original appeal bond was mailed; however, the docket sheet reflects that the court never received the original signed appeal bond. 

On April 15, 2003, Schneiber filed a motion to dismiss, arguing that the county court at law lacked jurisdiction over Williams’s appeal because Williams had failed to file her appeal bond within ten days of the date the judgment was signed.  
See id
.  The county court at law conducted a hearing on Schneiber’s motion on July 1, 2003, at which time the court reviewed its file and heard testimony from Williams and Alan Landerman, a paralegal in the law firm representing Williams. 

Williams testified that she mailed by priority mail the three money orders to the justice court on August 23, 2002.  Landerman testified that he mailed the appeal bond to the justice court on August 22, 2002.  Landerman stated that, because Williams’s file was “missing from our firm,” he did not have any documents pertaining to the fax or mailing of Williams’s appeal bond.  When asked whether he had any documents showing that he mailed anything on August 22, 2002, Landerman testified that the court’s file included an envelope from the firm postmarked August 22, 2002. 

At the conclusion of the hearing, the county court at law stated that it had reviewed the documents in the file and that the record reflected the appeal bond was filed on August 27, 2002, which was outside the ten days Williams had to file it.  The court granted Schneiber’s motion to dismiss and signed an order to that effect.  Williams then filed a motion for new trial, arguing that the county court at law erred in determining that she had not perfected her appeal. After a hearing on Williams’s motion for new trial, the county court at law denied Williams’s motion for new trial. 

Point on Appeal

In her sole point, Williams asserts that the county court at law erred in determining that she had not perfected her appeal with a timely-filed appeal bond and in granting Schneiber’s motion to dismiss.  We agree.

Standard of Review

“[I]t is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court.”  
Villalon v. Bank One
, No. 01-03-00446-CV, 2004 WL 1404023, at *2 (Tex. App.—Houston [1st
 Dist.] Jun. 24, 2004, no pet.).  To perfect such an appeal, an appellant, among other things, must file with the justice of the peace an appeal bond within ten days from the date a judgment or order overruling a motion for new trial is signed.  
Tex. R. Civ. P.
 571, 573.  If the appeal bond is not timely filed, the county court is without jurisdiction to hear the appeal, and the appeal must be dismissed for lack of jurisdiction.  
Searcy v. Sagullo
, 915 S.W.2d 595, 597 (Tex. App.—Houston [14th
 Dist.] 1996, no writ); 
Meyers v. Belford
, 550 S.W.2d 359, 359-60 (Tex. Civ. App.—El Paso 1977, no writ).  Whether Williams timely filed her appeal bond and thereby conferred jurisdiction on the county court presents a legal question, which we review de novo. 
 See Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999).

Timeliness of Appeal Bond

In this case, the justice of the peace signed the judgment on August 14, 2002.  Because the 10
th
 day after the justice of the peace signed the judgment fell on August 24, 2002, a Saturday, Williams’s appeal bond was due on Monday, August 26, 2002.  
See
 
Tex. R. Civ. P.
 4, 571; 
Cont’l Cas. Co. v. Davilla
, 139 S.W.3d 374, 379 n.2 (Tex. App.—Fort Worth 2004, pet. filed).  It is undisputed that Williams filed a copy of her appeal bond by fax on August 27, 2002 and that the copy was approved by the justice of the peace on August 28, 2002.  The question presented to us is whether Williams perfected her appeal to the county court in reliance upon the “mailbox rule.”

The “mailbox rule” found in Texas Rule of Civil Procedure 5 provides in pertinent part that

[i]f any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.  A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

Tex. R. Civ. P.
 5.  Williams points to Landerman’s testimony that he mailed the appeal bond on August 22, 2002 and that an envelope with that date was included in the court’s file, and Williams argues that, under the “mailbox rule,” she timely filed her appeal bond.
(footnote: 1)  
See id
.  Williams also points to an envelope from her counsel’s law firm purportedly bearing a postmark of August 22, 2002, and she asserts that Landerman’s uncontroverted testimony, along with the envelope, provide prima facie evidence of the date her appeal bond was mailed.  
See id
.; 
Davies v. Massey
, 561 S.W.2d 799, 801 (Tex. 1978) (holding appellant’s cost bond was timely filed based on secretary’s uncontroverted affidavit that it was mailed one day before it was due and clerk’s receipt of the bond within ten days); 
Gaskin v. Perritt
, 472 S.W.2d 211, 213-14 (Tex. Civ. App.—Texarkana 1971, no writ) (same). 

Schneiber responds that the postmark on the envelope from Williams’s attorney is illegible and therefore does not provide evidence of the date of the appeal bond’s mailing.  
See
 
Tex. R. Civ. P.
 5 (requiring postmark to be legible to constitute prima facie evidence of mailing).  We agree that the postmark on the envelope from Williams’s counsel is difficult to read and does not conclusively show a postmark of August 22, 2002.

Landerman’s unopposed testimony, however, offers prima facie proof of the date of the mailing of the appeal bond.  
See
 
Davies
, 561 S.W.2d at 801; 
Gaskin
, 472 S.W.2d at 213-14.  Schneiber argues that the clerk’s docket sheet refutes the testimony of Landerman because it indicates that the court never received the original appeal bond that Landerman said he mailed.  We disagree with Schneiber’s assertion that the clerk’s entries in the docket sheet refute Landerman’s testimony.  As we stated in 
Guyot v. Guyot
, docket sheet notations generally do not form a part of the record which may be considered, are inherently unreliable, and constitute “a memorandum made for the clerk’s and trial court’s convenience.”  3 S.W.3d 243, 246 (Tex. App.—Fort Worth 1999, no pet.).  As such, the clerk’s docket entries do not refute or otherwise controvert Landerman’s testimony that he mailed the appeal bond on August 22, 2002.  
See id
.

Even if we were to read the docket sheet entries as evidence concerning the date of mailing, the clerk’s notations offer no proof of the actual date of mailing of the appeal bond and only reflect that Williams’s counsel informed the clerk on August 27, 2002 that the appeal bond was in the mail—without making reference to when such a mailing occurred.  The docket sheet also indicates that the justice court never received that original appeal bond, but this is a fact that is undisputed by both sides. 

Schneiber argues that, while Williams offered Landerman’s testimony concerning the mailing of the appeal bond, she offered no evidence that the court 
received
 the appeal bond “not more than ten days tardily.”  
See
 
Tex. R. Civ. P.
 5.  Thus, we must determine whether Landerman’s unopposed testimony that he mailed the appeal bond on August 22, 2002, coupled with the fact that the justice court received a faxed copy of the appeal bond on August 27, 2002, allowed Williams to rely on the “mailbox rule” to perfect her appeal.  
See id.

The Supreme Court of Texas has stated that, as a general rule, appellate courts should not dismiss an appeal for a procedural defect whenever an arguable interpretation of the appellate rules would preserve the appeal.  
Verburgt v. Dorner
, 959 S.W.2d 615, 616-17 (Tex. 1997).  In 
Stokes v. Aberdeen Insurance Company
, the supreme court analyzed whether a court clerk must receive the same piece of paper that the party mailed via United States mail to benefit from the “mailbox rule.”  917 S.W.2d 267, 268 (Tex. 1996).  The appellants in 
Stokes
 sent a motion for new trial to the district clerk by Federal Express overnight service on the last day for filing, and they mailed a copy of the motion to the district judge at her courthouse address by United States mail on the same date.  
Id
. at 267.  The clerk received her copy the next day and filed it, but the judge exercised her discretion by not declaring her copy filed and did not state what date she received the mailed copy.  The court of appeals concluded that the appellant’s motion was late, “making the appeal bond late, because the [Appellants] sent the timely 
mailed
 copy to the judge, not ‘the proper clerk,’ and did not 
mail
 the Federal Express copy the clerk received.”  
Id
. at 268.

The Supreme Court of Texas rejected the court of appeals’s “holding that the clerk must receive the same piece of paper the party actually mailed,” concluding that such a requirement “is too restrictive a reading of the rules.”  
Id
.  Rather, the court in 
Stokes
 “construe[d] the words ‘the same’ in the rules to mean an original 
or any copy of the motion sufficient for filing
.”  
Id
. (emphasis added).  The court added, “The cautious practitioner would benefit by making doubly sure that the clerk actually receives a copy within ten days.”  
Id
.  The supreme court reversed the judgment of the court of appeals and remanded the case for the court to consider the merits of the appeal.  
Id
.

In the case at bar, while nothing in the record indicates that the justice court received the appeal bond that Landerman testified he mailed on August 22, 2002, the record reflects that the justice court received a faxed copy of the appeal bond on August 27, 2002, which was “not more than ten days tardily.”  
See
 Tex. R. Civ. P.
 5.  Schneiber’s argument concerns the fact that the court clerk did not receive Williams’s appeal bond, but Schneiber makes no argument regarding whether the faxed copy filed on August 27, 2002 constituted a “copy . . . sufficient for filing” under 
Stokes
.  917 S.W.2d at 268.  We find no prohibition to Williams’s filing of the appeal bond by fax.  
See
 
Tex. R. Civ. P.
 571.  Based on 
Stokes
, we hold that Williams invoked the “mailbox rule” as to the filing of her appeal bond and perfected her appeal by mailing her appeal bond on August 22, 2002 and by ensuring that the clerk received a faxed copy of the appeal bond on August 27, 2002.  
See Stokes
, 917 S.W.2d at 268.  Accordingly, the county court at law erred in dismissing Williams’s appeal for lack of jurisdiction.  Appellant’s sole point is sustained.

Conclusion

Having sustained Williams’s sole point, we reverse the county court’s order granting Schneiber’s motion to dismiss the appeal, and we remand this cause to that court to try the case de novo or dismiss it if it is not prosecuted.  
See 
Tex. R. Civ. P.
 571, 573; 
Stokes
, 917 S.W.2d at 268; 
Villalon
, No. 01-03-00446-CV, 2004 WL 1404023, at *2; 
Hall v. McKee
, 179 S.W.2d 590, 593 (Tex. Civ. App.—Fort Worth 1944, no writ).

ANNE GARDNER

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and GARDNER JJ.

DELIVERED: September 30, 2004

FOOTNOTES
1:
During trial, Landerman did not specifically identify the envelope to which he was referring.