**Dismissed and Opinion Filed October 22, 2015**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00821-CV

**SUBRINA'S TAX SERVICE, Appellant**
**V.**
**KRRHH RETAIL, LLC, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-02839-D**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Appellant appeals a county court at law's June 30, 2015 final judgment from a justice court appeal. Upon review of the clerk's record, it appeared that appellant untimely filed her appeal bond with the justice court. By letter dated August 18, 2015, we notified the parties that we questioned our jurisdiction over the appeal and requested jurisdictional briefing from the parties. To date, we have received no response to our jurisdictional inquiry. Accordingly, we address jurisdiction *sua sponte,* as we must. *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015).

The justice court signed its final judgment on May 13, 2015, awarding appellee a writ of possession. Appellant filed an appeal bond on May 19, 2015, and an affidavit of indigency on July 7, 2015. A party may appeal a judgment in an eviction case by filing a bond, making a cash

deposit, or filing a sworn statement of inability to pay with the justice court within five days after the judgment is signed. TEX. R. CIV. P. 510.9(a). An appeal of a justice court's ruling is perfected when a bond, cash deposit, or statement of inability to pay is filed in accordance with this rule. TEX. R. CIV. P. 510.9(f). Because five days after the justice court's May 13, 2015 final judgment is May 18, 2015, appellant failed to timely file her bond when she filed her appeal bond on May 19, 2015 and her affidavit of indigency on July 7, 2015. Because appellant did not file her bond or statement of inability to pay in accordance with rule 510.9(a) of the Texas Rules of Civil Procedure, she did not perfect her appeal to the county court and thus the county court at law had no jurisdiction to hear the appeal. *See Williams v. Schneiber*, 148 S.W.3d 581, 583 (Tex. App.—Fort Worth 2004, no pet.). Where the trial court does not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the cause. *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied).

Because appeal from the justice court judgment was not timely perfected and the county court never acquired jurisdiction, the judgment of the justice court was never vacated. *Cf. Villalon v. Bank One*, 176 S.W.3d 66, 69-70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("[I]t is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court."). Accordingly, we vacate the judgment of County Court at Law No. 4 and dismiss the case for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e).

150821F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SUBRINA'S TAX SERVICE, Appellant

No. 05-15-00821-CV     V.

KRRHH RETAIL, LLC, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-15-02839-D.
Opinion delivered by Chief Justice Wright. Justices Lang-Miers and Stoddart participating.

In accordance with this Court's opinion of this date, we **VACATE** the judgment of County Court at Law No. 4 and **DISMISS** the case.

It is **ORDERED** that appellee KRRHH RETAIL, LLC recover its costs of this appeal from appellant SUBRINA'S TAX SERVICE.

Judgment entered October 22, 2015.