

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0279-20

**ANDREW ANDERSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**WALKER, J., filed a dissenting opinion.**

### DISSENTING OPINION

Appellant's notice of appeal was due November 6. He sent his notice of appeal by mail from the Dallas County jail to the 265th District Court of Dallas County, and the envelope was postmarked November 4. The notice of appeal was not filed by the district clerk until December 2.

The Court concludes that his notice of appeal was not timely because the envelope was not "properly addressed" to the "proper clerk." The Court also concludes that the notice of appeal was not timely because it was filed beyond the 10-day grace period of the mailbox rule. I respectfully disagree with the Court's conclusions. Notice of appeal was timely, and I respectfully dissent.

## I — "Proper Clerk" and "Properly Addressed"

Under the "mailbox rule":

A document received within ten days after the filing deadline is considered timely filed if:

(A) it was sent to the proper clerk by United States Postal Service or a commercial delivery service;

(B) it was placed in an envelope or wrapper properly addressed and stamped; and

(C) it was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing.

Tex. R. App. P. 9.2(b)(1).

For *pro se* inmates, their documents are deemed filed at the time they are delivered to prison authorities for forwarding to the district clerk. *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). This is the "prisoner mailbox rule." *Id.* at 342. Because the documents are deemed filed when delivered to prison authorities, the regular mailbox rule's extra 10 days for a document to be received by the clerk do not apply.

The issue is whether Appellant's *pro se* letter, mailed from the Dallas County jail to:

Dallas County Court #265
133 N Riverfront blvd.
Dallas Tx 75207

was sent to the "proper clerk," such that the mailbox rule and the prisoner mailbox rule apply.

The Court decides that Appellant's notice of appeal was not sent to the proper clerk because the envelope was not addressed to a "clerk" but was, instead, addressed to the trial court, which is not an agent of the clerk such that *Moore v. State* would be applicable. The Court also decides that Appellant's notice of appeal was not properly addressed because, again, it was addressed to the trial

court.

In *Moore v. State*, the defendant mailed his appellate cost bond to the "Bond forfeiture Clerk" on the second floor of Frank Crowley Courts Building in Dallas. *Moore v. State*, 840 S.W.2d 439, 440 (Tex. Crim. App. 1992). The defendant's envelope, however, failed to identify whether it was intended for the clerk of the district court or the clerk of the county court, both of which were on the second floor. *Id.* We concluded that, despite the envelope's failure to specify which clerk was the intended recipient, the envelope was in the effective custody or control of the proper clerk once it arrived in the receiving department of the Frank Crowley Courts Building. *Id.* at 441 (applying an agency theory that "an employee who works in the receiving department in the Frank Crowley Courts Building, whose duties include processing and forwarding mail, can be properly considered an agent of the district clerk"). We also concluded that the "envelope was not improperly addressed because it was sufficiently specific as to be received at the proper place." *Id.* Accordingly, the appellate cost bond was timely filed under former Rule of Appellate Procedure 4(b).[1] *Id.*

The envelope in Appellant's case got closer to the "proper clerk" than the envelope in *Moore*. The envelope in Appellant's case was directed to the very same building: the Frank Crowley Courts Building in Dallas. While I recognize that members of this Court may not have the same experience practicing law in Dallas County, the truth of the matter is the office for the district clerk of the 265th District Court is located in the same building and in the same office suite as the 265th District Court. An envelope addressed to the "District Clerk of the 265th District Court" would go through the same door and into the same hands of the district court's staff. The only difference, if any, might be that

---

[1] Former Rule 4(b) contained substantially the same language as current Rule 9.2(b). *Taylor v. State*, 424 S.W.3d 39, 44 (Tex. Crim. App. 2014).

the envelope would be delivered by court staff to the district clerk's desk without being opened, whereas the envelope addressed to the court generally would be opened before being delivered to the district clerk in the same office suite. While the Court is correct that the trial court is not an agent of the district clerk, the district court's staff handling the district court's mail also handle the district clerk's mail. "There is no reason to believe the [envelope] would have arrived in the district clerk's office any sooner than it did, even if the address had specified the . . . district clerk." *Moore*, 840 S.W.2d at 441. "Proper clerk" and "properly addressed" were met in this case.

And the reality is, for whatever arguments can be made that the envelope addressed to "Dallas County Court #265" was not sent to the "proper clerk," it was actually received by the proper clerk just the same.

In support of its position, the Court cites *Turner*, *Herrera*, and *Bowen*. *Turner v. State*, 529 S.W.3d 157 (Tex. App.—Texarkana 2017, no pet.); *Herrera v. State*, No. 04-19-00725-CR, 2020 WL 4219605 (Tex. App.—San Antonio July 22, 2020, no pet.) (mem. op., not designated for publication); *Bowen v. State*, Nos. 05-19-01530-CR, -01531-CR, -01532-CR, -01533-CR, 2020 WL 1042646 (Tex. App.—Dallas Mar. 3, 2020, no pet.) (mem. op., not designated for publication). A review of these cases shows they are inapplicable to Appellant's case before us.

In *Turner*, the court of appeals found the notice of appeal untimely for two reasons: (1) it was not sent to the proper clerk; and (2) it was not properly addressed. *Turner*, 529 S.W.3d at 159. On both of these reasons, however, *Turner* is distinguishable. In *Turner* the envelope was not sent in a properly addressed envelope to the proper clerk because it was addressed to the trial judge, and "the envelope in which the notice of appeal was placed for mailing was addressed to '100 North Stateline Avenue,' referred to as the Bi-State Justice Building in Texarkana, Texas, instead of the proper

destination—the Bowie County District Clerk's Office in New Boston, Texas." *Id.* In Appellant's case, the envelope was not "addressed to a trial judge, in a city different from the one in which the proper clerk's office is located." *Id.* Appellant's envelope was addressed to the district court generally, of which the district clerk is a member of the staff. The envelope was addressed to the proper destination: it had the street address of the Frank Crowley Courts Building where the district clerk for the 265th District Court was located, and it went further and specified the 265th District Court, where the district clerk for the 265th District Court was located within the Frank Crowley Courts Building.

*Herrera*, an unpublished opinion, is distinguishable because it did not decide that the notice was untimely because it was not properly addressed. Instead, the court of appeals held the notice untimely because, under the prisoner mailbox rule, the notice was received by the prison authorities too late—the notice was postmarked nearly a month after notice of appeal was due and there was no evidence in the record showing notice was received before the due date. *Herrera*, 2020 WL 4219605, at *2.

The Court relies not on the holding of *Herrera*, but a footnote. *See id.*, at *2 n.3. In that footnote, the court of appeals noted that the envelope was addressed to the trial judge, which did not constitute a properly addressed envelope to the proper clerk under *Turner*. *Id.* But this was not the basis for its ruling; it was just a "note." *See id.* Nor was it the alternate reason for finding a lack of jurisdiction that the court of appeals "further note[d]": the appeal was seeking review of a post-conviction writ of habeas corpus proceeding, over which the court of appeals lacked subject matter jurisdiction. *Id.* (citing TEX. CODE CRIM. PROC. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ater v.*

*Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); and *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985)).

At least in *Bowen*, another unpublished opinion relying on *Turner*, the notice of appeal was received within the proper time under the prisoner mailbox rule. *Bowen*, 2020 WL 1042646, at *1. And in *Bowen*, the court of appeals found that the notice was not sent to the proper clerk because it was addressed to the trial judge. *Id.* But as discussed above, Appellant's envelope was not addressed to the trial judge. It was addressed to the district court generally, where the district clerk's office was located. Like *Turner*, *Bowen* does not persuade me Appellant's envelope was not sent to the proper clerk.

A persuasive authority I do think worth discussing is the opinion of our sister court, the Supreme Court of Texas, in *Stokes v. Aberdeen Ins. Co.*, 917 S.W.2d 267 (Tex. 1996). In *Stokes*, the Supreme Court held that, under the mailbox rule of former Rule 4, mailing the document to the proper court address is conditionally effective as mailing it to the proper clerk's address. *Id.* at 268. The Supreme Court determined that the filing (a motion for new trial) was timely because although it was mailed to the district judge rather than the district clerk, it was mailed to the correct courthouse address, a copy of the document was then sent to the clerk via a courier service, and the clerk received the copy within 10 days of the deadline. *Id.* Not only was Appellant's envelope mailed to the correct courthouse address in this case, it was sent to the office suite where the district clerk's office was located.

Finally, the Rules of Appellate Procedure, including the mailbox rule, should not be applied so harshly, especially against *pro se* appeals. As we recently reiterated:

"The Rules of Appellate Procedure should be construed reasonably, yet liberally, so

that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.

A person's right to appeal a civil or criminal judgment should not depend upon traipsing through a maze of technicalities. We do not require "magic words" or a separate instrument to constitute notice of appeal."

Our sister Court, the Supreme Court of Texas, has also emphasized that the policy embodied in the Rules of Appellate Procedure disfavors disposing of appeals based upon harmless procedural defects.

*Williams v. State*, 603 S.W.3d 439, 447–48 (Tex. Crim. App. 2020) (quoting *Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016), and citing *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)).

## II — Received, not Filed

The Court also decides that Appellant's notice of appeal was not timely because it was filed by the district clerk on December 2. But under the mailbox rule, when the document was received controls, not when it was filed. *See* Tex. R. App. P. 9.2(b)(1) ("A document *received* within ten days after the filing deadline . . . .") (emphasis added).[2] And under the prisoner mailbox rule, the date that matters is when it was received by prison authorities. *Campbell*, 320 S.W.3d at 344.

There is no direct evidence in the record of when Appellant's notice of appeal was received by the prison authorities, but the envelope was postmarked November 4. Unless Appellant was running a United States Post Office in his own jail cell, the prison authorities received the envelope on or before November 4. Appellant's notice of appeal, which was due November 6, was received

---

[2] If it were the other way, where the date that the mailed notice is *filed* controls instead of when it was *received*, then a district clerk's failure to timely *file* an appellant's notice of appeal would shut her out of an appeal, even if she followed all of the requirements of the mailbox rule and the district clerk *received* the notice within 10 days of the deadline. Or, if she were a prisoner filing *pro se*, where she followed all of the requirements of the mailbox rule and the prison authorities *receive* the notice before the filing deadline.

on time.

### III — Conclusion

Although it was not addressed to the "Clerk," the envelope containing Appellant's notice of appeal was properly addressed, sent to the proper clerk, and delivered to prison authorities before the date notice of appeal was due. Under the prisoner mailbox rule, Appellant's notice of appeal was timely. I respectfully dissent to the Court shutting the door on Appellant's appeal simply because the envelope did not have the magic word "Clerk" on it.


Filed: June 30, 2021
Publish