

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0279-20

---

**ANDREW ANDERSON, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
DALLAS COUNTY**

---

**YEARY, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

The real problem in this case is that the record does not seem to reveal when Appellant's notice of appeal was actually "received" by the appropriate court clerk for purposes of the operation of the so-called "mailbox rule."[1] The clerk did not formally file

---

[1] Rule 9.2(b)(1) of the Texas Rules of Appellate Procedure provides:

(b) *Filing by Mail*.

(1)     Timely Filing. A document *received* within ten days after the filing deadline is considered timely filed if:

the notice of appeal until December 2nd, which was considerably later than the November 6th deadline for filing. Even so, if all the criteria for the application of Rule 9.2(b)(1) had been met, Appellant might have been granted an additional ten days beyond the November 6th due date, so long as the clerk actually "received" the notice for filing within ten days of that date.

But the Court today holds that Appellant may not rely on Rule 9.2(b)(1) because he did not send his notice of appeal to the "proper clerk" for purposes of triggering Rule 9.2(b)(1)(A). Instead, he addressed it to the trial court; specifically, to "Dallas County Court #265." For that reason, according to the Court, the "mailbox rule" does not apply, and it makes no difference when the clerk might have "received" the notice of appeal for filing. The Court concludes that the court of appeals lacked jurisdiction because the notice of appeal was not actually filed until well after November 6th.

None of this should matter, of course, if the so-called "prisoner mailbox rule" were to apply. Unlike the regular "mailbox rule" embraced in Rule 9.2(b)(1), which only *extends the time* for "filing" a document, the "prisoner mailbox rule" would render Appellant's

---

(A)  it was sent to the proper clerk by United States Postal Service or a commercial delivery service;

(B)  it was placed in an envelope or wrapper properly addressed and stamped; and

(C)  it was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing.

TEX. R. APP. P. 9.2(b)(1) (emphasis added).

notice of appeal "filed" as of the date he submitted it to prison authorities for mailing. *See Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010) ("We hold that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk."). We do not know exactly when Appellant did that, but it must have been prior to November 4th, two days before the due date of November 6th, because the envelope in which his notice of appeal was mailed was postmarked November 4th.

The Court today relies upon *Campbell v. State*, 320 S.W.3d at 342, for the proposition that "the prisoner mailbox rule is still subject to the requirements of Rule 9.2(b)." Majority Opinion at 5. That would include the requirement of sending a document to the "proper clerk." I am not entirely sure that is what *Campbell* truly holds, but even if it were, I agree with Judge Walker that those requirements were satisfied when Appellant addressed his notice of appeal to the trial court.

The Texas Supreme Court has construed Rule 9.2(b)(1)(A)'s nearly identical predecessor (former Texas Rule of Appellate Procedure 4(b)) with sufficient leeway that a pleading addressed to the proper trial court should be deemed also to constitute a pleading addressed to the "proper clerk." *See Stokes v. Aberdeen Ins. Co.*, 917 S.W.2d 267, 268 (Tex. 1996) ("The ministerial servant of the court is neither separate from nor above the court itself. We hold the Stokes timely filed their motion for new trial . . . by mailing it to the proper court."). It seems to me that we do the opposite of benefitting the jurisprudence of this state by construing the same appellate rule differently than the other of our two state high courts has construed it, especially when there is not a good reason to do so. Perhaps I

would reach a different conclusion if I could think of a good reason, but I cannot. And the Court does not suggest one. I am persuaded that the Texas Supreme Court's construction of Rule 9.2(b)(1)(A) is a reasonable one, and I would follow it here.

Because Appellant addressed his notice of appeal to the trial court, and it was in fact deposited in the mail, he has satisfied all of Rule 9.2(b)(1)'s criteria. Therefore, even assuming that the "prisoner mailbox rule" is subject to all the same requirements as Rule 9.2(b)(1), Appellant has properly invoked it, and his notice of appeal should be deemed to have been filed at least as of the date of the postmark on the envelope, namely, November 4th. This was timely.

It is true that the "prisoner mailbox rule" is a creature of judicial decision. We have adopted it—as have the United States Supreme Court and the Texas Supreme Court—not as a matter of construing Rule 9.2(b), but as a judicial enhancement to the rule. *See Campbell*, 320 S.W.3d at 342–44 ("Like the United States Supreme Court, the Texas Supreme Court recognized the unique circumstances of *pro se* inmate litigants. We also recognize those circumstances.") (citing *Houston v. Lack*, 487 U.S. 266 (1988), *Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007), and *Warner v. Glass*, 135 S.W.3d 681, 684–85 (Tex. 2004)). Indeed, it is an eminently sensible enhancement, given that a jail or prison inmate is at the complete mercy of correctional authorities to actually deposit his pro se legal pleadings into the mail in time to invoke Rule 9.2(b)(1)'s ten-day grace period. Perhaps the Court's Rules Committee should consider formally incorporating the "prison mailbox rule" within Rule 9.2 itself.

I respectfully dissent.

FILED:               June 30, 2021
PUBLISH