**Opinion filed August 29, 2025**



### In The

# Eleventh Court of Appeals

_____

## No. 11-25-00202-CV

_____

## REYNALDO GUTIERREZ SR., Appellant

## V.

## HOCHHEIM PRAIRIE FARM MUTUAL INSURANCE COMPANY, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 12628-D**

### M E M O R A N D U M   O P I N I O N

Appellant, Reynaldo Gutierrez Sr., mailed a pro se notice of appeal to the trial court after it granted Appellee's motion to dismiss his claims for want of prosecution. Because Appellant's notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction.

On May 23, 2025, the trial court signed an order granting Appellee's motion to dismiss Appellant's claims against it for want of prosecution. Appellant mailed

his pro se notice of appeal from the trial court's order on June 12, 2025. For the recipient's address, Appellant provided the following: "Tayor Co. Courthouse c/o 350 District Court, 300 Oak St. Abilene, Tx 79602." Appellant listed his name and a residential address on the return address portion of the envelope. On July 21, 2025, Appellant's notice of appeal was filed in the Taylor County District Clerk's Office.

Because the notice of appeal was not received by the district clerk's office within ten days after the filing deadline, we notified Appellant by letter that his notice of appeal appeared to be untimely. *See* TEX. R. APP. P. 9.2(b). In our letter, we requested that Appellant provide this court with a response showing grounds to continue the appeal, and we notified him that the appeal was subject to dismissal. *See* TEX. R. APP. P. 42.3(a), (c). Appellant responded and complained about actions by his former attorney, who withdrew from his case in September 2024, approximately eight months prior to the trial court's order. Appellant did not show grounds to continue this appeal in his response.

Pursuant to Rule 9.2(b) of the Texas Rules of Appellate Procedure, a document is considered timely filed if (1) it was sent to the proper clerk by the United State Postal Service or a commercial delivery service, (2) it was placed in an envelope or wrapper properly addressed and stamped, and (3) it was deposited or delivered on or before the last day of filing. TEX. R. APP. P. 9.2(b)(1) (the mailbox rule). However, even if all of these requirements are met, the document must be received by the clerk's office "within ten days after the filing deadline" to be considered timely filed. *Id.*

In interpreting the mailbox rule that is found in Rule 5 of the Texas Rules of Civil Procedure, which provides substantially similar requirements as Rule 9.2(b) of the Texas Rules of Appellate Procedure, the Texas Supreme Court has held, for civil cases, that "mailing the document to the proper court address is conditionally effective as mailing it to the proper court clerk's address." *Stokes v. Aberdeen Ins.*

2

*Co.*, 917 S.W.2d 267, 268 (Tex. 1996) (emphasis omitted); *see* Tex. R. Civ. P. 5 ("If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time."). The court clarified, for purposes of the mailbox rule, "[t]he clerk still must receive the document within ten days to perfect the filing." *Stokes*, 917 S.W.2d at 268; *McCray v. Mulder*, No. 05-08-00420-CV, 2008 WL 2600700, at *1 (Tex. App.—Dallas July 2, 2008, pet. denied) (mem. op.).

In this case, the trial court signed and entered its order dismissing Appellant's claims on May 23, 2025. Appellant did not file a motion for new trial or other post-judgment motion that would extend the deadline for him to file a notice of appeal. As a result, absent a timely-filed motion for extension of time, he was required to file the notice of appeal no later than June 23, and the district clerk's office must have received the notice no later than July 2 to invoke our jurisdiction. *See* Tex. R. App. P. 9.2(b)(1), 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (A party can no longer invoke an appellate court's jurisdiction once the period for granting a motion for extension of time has passed.). Instead, the document was received and filed by the district clerk's office on July 21, after the deadline to file the notice of appeal and the deadline to file a motion for extension of time to file such a notice had expired. *See* Tex. R. App. P. 26.1, 26.3.

We are prohibited from suspending the Rules of Appellate Procedure "to alter the time for perfecting an appeal in a civil case." Tex. R. App. P. 2. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.]

3

2007, no pet.); *see also Verburgt*, 959 S.W.2d at 617.  Because we are without jurisdiction, we must dismiss this appeal.  *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss this appeal for want of jurisdiction.


JOHN M. BAILEY

CHIEF JUSTICE


August 29, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.