Camil KREIT, M.D. and Samir
Kreit, M.D., Appellants

v.

BREWER & PRITCHARD,
P.C., Appellee

NO. 14-16-00046-CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed June 8, 2017

Opinion on Rehearing filed
August 22, 2017

Kevin R. Pennell, Maurice L. Bresenhan, Jr., Houston, TX, for Appellants.

Ashton Blaire Hickman, Sondra Jurica, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Brown and Jewell.

## SUBSTITUTE OPINION
## ON REHEARING

Kevin Jewell, Justice

We withdraw our opinion dated June 8, 2017, and issue this substitute opinion. Appellants Camil Kreit, M.D., and Samir Kreit, M.D.'s motion for rehearing is overruled.

Brothers Camil and Samir Kreit appeal the trial court's final judgment confirming an arbitration award in favor of Brewer & Pritchard, P.C. for fees due under a contract for legal services. Camil and Samir argue the trial court erred in confirming, rather than vacating, the award because they did not agree to arbitrate disputes with Brewer & Pritchard, P.C. in their individual capacities. For the reasons stated below, we affirm the judgment.

## BACKGROUND

Camil and Samir are medical doctors and representatives of Cleveland Imaging and Surgical Hospital, L.L.C. d/b/a Doctors Diagnostic Hospital (CISH). In July 2014, CISH was involved in several ongoing lawsuits. In one of the lawsuits, Camil and Samir were named as individual defendants. Camil and Samir met with attorney Mark Brewer of Brewer & Pritchard[1] to discuss obtaining legal services.

A key dispute between the parties to this appeal is whether Brewer & Pritchard was retained to provide legal services for CISH, or whether the firm was retained to provide services for Camil and Samir in

---

**1.** All references to "Brewer & Pritchard" throughout this opinion are intended to refer only to appellee Brewer & Pritchard, P.C., not to the professional corporation's owners.

their individual capacities. On this point, the record reveals the following facts. Brewer & Pritchard drafted several proposed fee agreements to cover the services provided. In one, Brewer & Pritchard contemplated representing CISH, Camil, and Samir and drafted a fee agreement that listed the clients as CISH, Camil, Samir, and "other individual investors." [2] Brewer & Pritchard maintains that, after receiving additional information regarding the ongoing litigation, it questioned whether Camil and Samir had the authority to enter into an agreement for CISH, and thus only agreed to provide services to Camil and Samir in their individual capacities. Brewer & Pritchard drafted another fee agreement, which listed the clients as Camil and Samir and defined the scope of services as "general corporate services." This agreement—the July 31, 2014 fee agreement—is the only agreement purporting to bear the signatures of Camil, Samir, and Brewer & Pritchard.

Camil and Samir contend that they only intended to obtain representation on behalf of CISH, and that they never signed an agreement for individual representation. They allege irregularities with the July 31, 2014 fee agreement and contend that Brewer & Pritchard co-mingled individual pages from separate proposals to create a "Frankenstein" contract to which Camil and Samir never agreed as a whole. All of the proposed fee agreements, including the July 31, 2014 fee agreement, contained arbitration clauses.[3]

In July and August 2014, Brewer & Pritchard performed general corporate le-

gal services and sent an invoice addressed to Camil and Samir for the services rendered. Camil and Samir declined to pay Brewer & Pritchard and instead told the law firm it must look to CISH for payment. Brewer & Pritchard then initiated an arbitration proceeding against Camil and Samir with the American Arbitration Association pursuant to the arbitration clause in the July 31, 2014 fee agreement. Brewer & Pritchard alleged that it provided legal services to Camil and Samir pursuant to the agreement and that Camil and Samir breached the agreement by failing to pay. Brewer & Pritchard sought a total of approximately $40,000 in attorney's fees and $1,175 in expenses.

Camil and Samir both appeared pro se in the arbitration. Samir filed a special appearance and objection, claiming that the arbitrator lacked jurisdiction because Samir did not sign the July 31, 2014 fee agreement in his individual capacity and thus the agreement's arbitration clause was unenforceable against him individually. Samir alleged that his initials were not on the document,[4] one page of the document contained no initials at all, and his signature appeared on a page separate from the page containing the signature of Brewer & Pritchard and Camil.

Camil did not join in Samir's special appearance and objection in the arbitration proceeding. On appeal, Camil claims he presented arguments challenging the arbitrator's jurisdiction in the arbitration proceeding, but the record does not contain any of his pleadings or filings from the arbitration demonstrating that he raised an arbitrability challenge based upon his

---

**2.** This draft agreement was signed by Camil on behalf of CISH, Camil on his own behalf, and Samir on his own behalf, but was not signed by Brewer & Pritchard or any "individual investors."

**3.** All of the drafts provided for arbitration of disputes before the American Arbitration As-

sociation in Houston, Texas, in accordance with the rules for expedited, documents-only proceedings.

**4.** Samir stated that the initials appearing on the agreement were Camil's initials.

position that he did not sign an arbitration agreement in his individual capacity.[5] Neither Camil nor Samir filed a motion to stay the arbitration proceeding under Texas Civil Practice and Remedies Code section 171.023.

The arbitrator conducted the arbitration as "documents-only" in accordance with the arbitration clause in the agreement. The arbitrator then issued an award in which he found that Camil and Samir both signed the July 31, 2014 fee agreement; the agreement, including the arbitration provision, bound them in their individual capacities; the agreement was not void, invalid or otherwise unenforceable; the dispute fell within the scope of the arbitration agreement; and Camil and Samir breached the agreement by failing to pay the fees. The arbitrator awarded Brewer & Pritchard its past due attorney's fees, interest on the fees, costs, and attorney's fees incurred in the arbitration.

Brewer & Pritchard then filed the underlying action to confirm the arbitration award. Camil timely filed a verified "motion to quash or set aside motion for confirmation," which the trial court broadly interpreted as a motion to vacate the award. Camil asserted numerous arguments in the motion to vacate and attached documents in support of the motion. As relevant here, Camil asserted that no arbitration agreement existed as to him individually and, further, the arbitrator exceeded his authority by failing to "pass the case on to a court of competent jurisdiction."

On the day the trial court heard Brewer & Pritchard's motion to confirm the award, Samir filed his own motion to vacate the arbitration award. He attached an affidavit supporting his statement of the facts and several documents. Just as his brother Camil had asserted in his motion to vacate, Samir asserted, among other things, that no arbitration agreement existed as to Samir individually and that the trial court had the duty to determine whether a binding arbitration agreement existed in the first instance.

At the hearing on the motion to confirm, the trial court heard argument from Camil and Samir regarding their position that they did not sign the fee agreement in their individual capacities. The trial court allowed Camil and Samir to submit exhibits, including the various contemplated draft fee agreements. The trial court took the motion to confirm and the motion to vacate filed by Camil under advisement. Three days later the trial court denied Camil's motion to vacate the award[6] and signed an order confirming the arbitration award and granting final judgment in favor of Brewer & Pritchard.

Camil and Samir both filed timely motions to set aside the judgment or alternative motions for new trial. In their post-judgment motions, Camil and Samir argued that the trial court must hold an evidentiary hearing regarding whether an agreement to arbitrate existed. The trial court held another oral hearing on the post-judgment motions, after which the court denied Camil and Samir's post-judgment motions. This appeal followed.

## ANALYSIS

Camil and Samir challenge the trial court's judgment confirming the arbitra-

---

5.   We address this point more fully below.

6.   The record before us does not indicate that the trial court expressly ruled on Samir's motion to vacate the arbitration award. In rendering final judgment confirming the award, however, the trial court implicitly overruled Samir's motion to vacate. *See* Tex. R. App. P. 33.1(a)(2); *cf. Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997) (in granting party's motion to disregard jury findings, trial court automatically denied other party's motion for judgment on those findings).

tion award and denying their motions to vacate. Their core point is that they did not agree to arbitrate their dispute because they signed no agreement with Brewer & Pritchard in their individual capacities. Based on that fundamental proposition, they say the trial court was required to decide the dispute's arbitrability before the arbitration award issued. Because the trial court did not do so, appellants contend that either the award is invalid as a matter of law or the arbitrator exceeded his authority by issuing an award against them when no arbitration agreement existed. In either instance, according to Camil and Samir, the trial court should have vacated the award. For the reasons that follow, we overrule appellants' issues.

## A. Standard of review

■ We review a trial court's decision to confirm or vacate an arbitration award under a de novo standard of review. *D.R. Horton-Tex., Ltd. v. Bernhard*, 423 S.W.3d 532, 534 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Texas law favors arbitration and thus review of arbitration awards is very narrow. *See Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016); *Southwinds Express Constr., LLC v. D.H. Griffin of Tex., Inc.*, 513 S.W.3d 66, 70 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We afford the award great deference, indulging reasonable presumptions in its favor and none against it. *Southwinds Express Constr.*, 513 S.W.3d at 70 (citing *CVN Grp., Inv. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002)).

## B. Confirming and vacating awards under the Texas Arbitration Act

■ Brewer & Pritchard moved to confirm the arbitrator's award pursuant to

Texas General Arbitration Act (TAA) section 171,087.[7] Section 171.087 requires the trial court to confirm the award "[u]nless grounds are offered for vacating, modifying, or correcting [the] award under Section 171.088 or 171.091." Tex. Civ. Prac. & Rem. Code § 171.087. As the Supreme Court of Texas recently held, under the TAA a party may avoid confirmation of the arbitrator's award "only by demonstrating a ground expressly listed in section 171.088." *Hoskins*, 497 S.W.3d at 495. The TAA "leaves no room for courts to expand on those grounds" in vacating an arbitration award. *Id.* at 494. A party seeking to vacate an arbitration award may not invoke extra-statutory or common law reasons for vacatur. *Id.* at 495.

■ Further, to successfully vacate an arbitration award under section 171.088, a party must timely file a motion and prove at least one of the statute's enumerated grounds for vacatur. The deadline to file a motion to vacate an award under section 171.088 is not later than ninety days after the date a copy of the award is delivered to the applicant, except as to the vacatur grounds set forth in subsection (a)(1). Tex. Civ. Prac. & Rem. Code § 171.088(b); *New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 430 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The deadline to file a motion to vacate based on a ground set forth in subsection (a)(1) is not later than the 90th day after the date the ground for the application is known or should have been known. Tex. Civ. Prac. & Rem. Code § 171.088(b).

## C. Samir did not timely assert the vacatur grounds he raises on appeal.

■ The arbitrator issued the award on June 12, 2015, and the AAA emailed the

---

**7.** The parties both cite to and rely upon the Texas act, and no party contends the Federal

Arbitration Act applies. We thus apply the Texas General Arbitration Act to this dispute.

award to the parties on that date. Brewer & Pritchard moved to confirm the award on June 19, 2015. According to the record, Samir filed in the trial court "Defendant Samir Kreit's First Affidavit and Statement of Facts in Support of Motion to Vacate and Continuing Objection to Arbitration Award for Lack of Jurisdiction" on October 23, 2015, more than ninety days after the award's delivery date. On appeal, Samir does not raise any vacatur ground set forth in subsection (a)(1). This document, therefore, does not constitute a timely-filed motion to vacate the arbitration award because it was filed after the ninety-day deadline for filing a motion to vacate under Texas Civil Practice and Remedies Code section 171.088(b). Tex. Civ. Prac. & Rem. Code Ann. § 171.088(b); *New Med. Horizons*, 317 S.W.3d at 428 (" '[T]he legislature intended the 90-day period ... to be a limitations period after which a party cannot ask a court to vacate an arbitration award.' ") (citation omitted).

■ In his motion for rehearing, Samir argues that he timely filed a separate document—entitled "Demand to Set Aside, Quash, or in the Alternative to Discharge Arbitration Hearing and Award" on July 20, 2015—within the ninety-day deadline for seeking to vacate an arbitration award. Samir contends that this motion constitutes a timely-filed motion to vacate. The record, however, does not contain a file-stamped copy of this document indicating that it was filed by the clerk on July 20, 2015. An un-stamped copy of the motion first appears in the record as an exhibit to "Defendant Samir Kreit's Notice of Clerical Failure to Record Motion Filed July 20, 2015 For Demand to Set Aside, Quash or in the Alternative to Discharge Arbitration Hearing and AwardSet [sic] Aside Award" filed on December 30, 2015.

■. According to Samir, the "Demand to Set Aside, Quash, or in the Alternative

to Discharge Arbitration Hearing and Award" was filed timely because he mailed it to the clerk on July 20, 2015. Samir cites the mailbox rule set forth in Texas Rule of Civil Procedure 5, which provides in pertinent part:

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, *if received by the clerk not more than ten days tardily*, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

Tex. R. Civ. P. 5 (emphasis added). A court may deem a document timely filed under this rule if: (1) the document was placed in the United States mail on or before the filing deadline; (2) the document was in an envelope or wrapper properly addressed and stamped; and (3) the document was received by the clerk within ten days of the deadline. *See id.*; *Stokes v. Aberdeen Ins. Co.*, 917 S.W.2d 267, 268 (Tex. 1996) (per curiam).

The record fails to support Samir's position with respect to the last element—that the document in question was received by the clerk "not more than ten days tardily." As reflected in the record, Samir deposited his "Demand to Set Aside, Quash, or in the Alternative to Discharge Arbitration Hearing and Award" in the United States mail on July 20, 2015, well within the ninety-day deadline set forth in section 171.088(b). Tex. Civ. Prac. & Rem. Code Ann. § 171.088(b). The record also includes the certified mail "green card" showing the envelope was properly addressed to the district clerk and indicates that it was received by the clerk's office. However, the clerk did not file the document. The green

card, moreover, does not state the date the document was received, and there is nothing in our record establishing when the document was received. Further, the record does not show that Samir presented any evidence establishing that the document was received by the clerk not more than ten days tardily.

█ To benefit from Rule 5, a party must show more than that the document was timely mailed and ultimately received; the party also must prove that the clerk received the document within ten days of the applicable deadline to which the document relates. *See Stokes*, 917 S.W.2d at 268 ("The clerk still must receive the document within ten days to perfect the filing."); *cf. McCray v. Mulder*, No. 05-08-00420-CV, 2008 WL 2600700, at *1 (Tex. App.—Dallas July 2, 2008, pet. denied) (mem. op.) (notice of appeal untimely under mailbox rule found in Rule 9.2(b) of the Texas Rules of Appellate Procedure where clerk received notice of appeal, but received it after ten-day deadline).

Samir argues that because he was pro se in the trial court and not required to file documents electronically, "[h]e should not be penalized because both the district clerk and the post office dropped the ball." In support, Samir cites *Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (per curiam), in which the Supreme Court of Texas noted its prior holdings that a prison inmate should not be penalized by errors on the part of officials over whom the inmate has no control. We are not persuaded. Samir, though self-represented, was not a prison inmate, and thus did not lack the ability to ensure his document was timely filed under the mailbox rule.

The Court of Criminal Appeals, in discussing why a different rule for prisoners is warranted, contrasted the lack of control over filings by prison inmates with the various options available to other litigants. *See Campbell v. State*, 320 S.W.3d 338, 343 (Tex. Crim. App. 2010). The court specifically noted that, unlike prison inmates, other litigants can place a document in the United States mail and:

> they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the day the court received it.

*Id.* (quoting *Houston v. Lack*, 487 U.S. 266, 271, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988)).

█ Likewise, Samir had the option of following the progress of his mailing and ensuring that it was received by the clerk within ten days of the relevant deadline. He did not do so. Alternatively, he could have presented evidence in the trial court, by means other than the green card, establishing the date of receipt. For example, Samir could have offered evidence showing when he received the green card addressed to the district clerk back from the postal service, which potentially allows an inference that the filing was received by the clerk within ten days of the deadline. The record as it stands does not establish that the clerk received Samir's July 20, 2015 motion within ten days of the due date.[8] The mailbox rule, therefore, does

---

8. Samir asks that we take judicial notice, pursuant to Rule 201 of the Texas Rules of Evidence, of the following statements it claims are contained on the USPS website: "this package is delayed and will not be delivered by the expected delivery date," "an updated delivery date will be provided when available," and "delivery status for this item has not been updated as of July 25, 2015, 12:36 a.m." We decline to take judicial notice of

not apply and Samir's motion was untimely. *See Stokes*, 917 S.W.2d at 268; *McCray* 2008 WL 2600700, at *1.

We overrule Samir's two issues on appeal.

### D. Camil did not establish grounds for vacatur.

Camil sought vacatur of the arbitration award by a timely motion, which included at least one of the arguments for vacatur he advances on appeal.[9] Accordingly, we consider the merit of those arguments Camil both raised in his motion to vacate and briefed on appeal. *See id.*

Camil alleged multiple arguments in his motion to vacate, which he filed pro se. Interpreting his motion liberally,[10] we note that only some of his arguments potentially fall within the statutory grounds for vacatur under section 171.088. These include his contention that there was no arbitration agreement between Brewer & Pritchard and Camil individually. He also argued that the arbitrator exceeded his authority by "failing to pass the case on to a court of competent jurisdiction in the first instance." As we construe it, Camil's latter point is based on his premise that an arbitration agreement did not exist. As factual support for his position, Camil stated that he signed the agreement on behalf of CISH only (and not in his individual capacity), that the July 31, 2014 fee agreement was "not genuine, or authorized, true or correct," and that he did not sign an agreement for services rendered to him in his individual capacity.

#### 1. *Inherent Invalidity Argument*

■ On appeal, Camil first contends the arbitration award is inherently "invalid" because the issue of whether an arbitration agreement existed should have been decided by the trial court, and Brewer & Pritchard never "invoked" that "procedural step." To the extent Camil complains in his first issue that the trial court erred in confirming the award because Brewer & Pritchard was required to, but did not, invoke a necessary "procedural step" in the trial court, we reject that portion of his argument for several reasons. First, because Camil did not seek a

these statements. First, though appellate courts may take judicial notice in certain circumstances, they generally do not take judicial notice of documents that were not before the trial court when the trial court made its challenged ruling. *See FinServ Cas. Corp. v. Transamerica Life Ins. Co.*, No. 14-14-00838-CV, 523 S.W.3d 129, 147–48, 2016 WL 6134442, at *13 (Tex. App.—Houston [14th Dist.] Oct. 20, 2016, pet. filed); *SEI Bus. Sys., Inc. v. Bank One Tex.*, *N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ) ("As a general rule, appellate courts take judicial notice of facts outside the record only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions which are mandated by law ...."). The record does not indicate that Samir asked the trial court to take judicial notice of the particular statements he attributes to the USPS website. Second, Samir has not taken the steps necessary for this court to take judicial notice. *See* Tex. R. Evid. 201(c)(2) (requiring movant to pro-

vide court with necessary information). Samir cites us to the USPS website, but Samir has not presented the Court with any documentation showing the statements or undertaken to establish the necessary prerequisites for judicial notice.

9. Samir cannot rely on Camil's timely motion to vacate because Samir did not join in it or otherwise file his own motion by the ninety-day deadline. *See Heat Shrink Innovations, LLC v. Med. Extrusion Techs.-Tex., Inc.*, No. 02-12-00512-CV, 2014 WL 5307191, at *10 (Tex. App.—Fort Worth Oct. 16, 2014, pet. denied) (mem. op.) (party did not join in motion for continuance filed by other party and thus could not challenge denial of continuance on appeal).

10. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (courts construe pleadings liberally and in favor of drafter where no special exceptions filed).

stay before the award issued,[11] Camil's only means of avoiding the award was by filing a motion to vacate and proving at least one statutory ground for vacatur. *See Hoskins*, 497 S.W.3d at 494-95. Camil's first issue—to the extent it rests upon the assertion that Brewer & Pritchard failed to invoke district court jurisdiction before the arbitration concluded—does not present a ground for vacatur under section 171.088. Accordingly, we reject that extra-statutory portion of his issue as a basis to reverse the judgment. *See id.* ("[A] party may avoid confirmation only by demonstrating a ground expressly listed in section 171.088.").

Second, Camil cites no authority for the proposition that Brewer & Pritchard was obligated to initiate a lawsuit in district court while its arbitration proceeding was pending, nor does he identify the procedural vehicle Brewer & Pritchard would use to file such a lawsuit. His argument lacks merit under our precedent. *See Ewing v. Act Catastrophe-Tex. L.C.*, 375 S.W.3d 545, 550, 551 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (noting that under the TAA's plain language, parties are not required to file a motion to compel arbitration before proceeding to arbitration, even when the existence of an agreement is challenged).

■■■ Finally, Camil did not properly raise all aspects of his first issue in the trial court. Though Camil's motion to vacate asserts that no agreement to arbitrate existed as to him individually, he did not raise the lack of ruling on arbitrability prior to the arbitration proceeding as a ground for vacatur or assert that Brewer & Pritchard was obligated to raise the issue in the trial court before obtaining an arbitration award. As a result, he cannot advance these arguments on appeal to obtain reversal. *See* Tex. R. App. P. 33.1(a)(1); *Ewing*, 375 S.W.3d at 549.

We overrule Camil's first issue.

2. *Arbitrator-Exceeding-Powers Argument*

■■■ In his second issue, Camil argues the arbitrator exceeded his powers in ruling on the arbitrability issue, a matter reserved for the trial court. Camil relies on section 171.088(a)(3)(A), which requires vacatur if the arbitrator "exceeded [his] powers." Tex. Civ. Prac. & Rem. Code § 171.088(a)(3)(A).

As mentioned, all of Camil's appellate arguments depend upon the same premise: he did not sign the July 31, 2014 fee agreement in his individual capacity and thus no arbitration agreement exists. The TAA specifically includes a provision for vacating an arbitration award when an arbitration agreement does not exist. *Id.* § 171.088(a)(4). Section 171.088(a)(4) requires a party challenging the existence of an arbitration agreement to prove: (1) there was no agreement to arbitrate; (2) the issue was not determined adversely to the party in a proceeding to compel or a proceeding to stay arbitration; and (3) the party did not participate in the arbitration without raising the objection. *Id.* But, in his second issue, Camil neither cites section 171.088(a)(4) nor discusses its text. Instead, he cites only section 171.088(a)(3)(A) and characterizes his challenge to the award as one involving an arbitrator who "exceeded his power" because the arbitrator issued the award absent Camil's agreement to arbitrate.

Camil's contention that the arbitrator exceeded his power because Camil "did not enter into [an] agreement in [his] individual capacit[y]" is in substance the same argument that there is no agreement to

---

11. Tex. Civ. Prac. & Rem. Code § 171.023.

arbitrate. Cf. Roe v. Ladymon, 318 S.W.3d 502, 513-14 (Tex. App.—Dallas 2010, no pet.) (discussing whether party agreed to arbitrate in individual capacity as contract formation question of arbitrability). In support of his claim that he did not sign the July 31, 2014 fee agreement individually, Camil highlights alleged discrepancies such as the lack of initials on page two of the document, the lack of a date by his signature, and Samir's signing on a different page when the agreement does not have a clause allowing counterpart signatures. All of the alleged irregularities with the agreement apply to the question whether an agreement to arbitrate exists. See, e.g., Wright v. Hernández, 469 S.W.3d 744, 756-57 (Tex. App.—El Paso 2015, no pet.) (discussing effect of absence of a party's signature on arbitration agreement in determining whether a valid arbitration agreement exists). Other than the alleged lack of an arbitration agreement, Camil asserts no other reason as to why the arbitrator exceeded his power.

Thus, the essence of Camil's position on appeal is that no agreement to arbitrate exists. Accordingly, we conclude that his argument for vacatur is properly considered under section 171.088(a)(4) as opposed to 171.088(a)(3)(A). See Penhollow Custom Homes, LLC v. Hawkins, No. 05-07-01101-CV, 2008 WL 3020812, at *2 (Tex. App.—Dallas Aug. 6, 2008, pet. denied) (mem. op.). In Penhollow, the court addressed Penhollow's argument that a trial court erred in confirming an arbitration award that erroneously included him individually as a party to the arbitration when he was not a party to the contract. Id. There, as here, the appealing party opposed confirmation of the arbitration award on the ground that he did not enter into an arbitration agreement. Further, Penhollow, like Camil, attacked the award on the basis that the arbitrator "exceeded his authority" by issuing an award against him when he never agreed to arbitrate. Id. The court, however, analyzed the complaint under section 171.088(a)(4) because Penhollow sought vacatur of the award on the grounds that no agreement to arbitrate bound him individually. See id. Concluding that Penhollow failed to raise his objection in the arbitration proceeding as section 171.088(a)(4) requires, the court affirmed the award's confirmation. Id.

■ We agree with the Fifth Court of Appeals that a party's challenge to an arbitration award on the ground that no agreement to arbitrate exists is properly considered under section 171.088(a)(4) as opposed to section 171.088(a)(3)(A). See id.[12] To hold otherwise would evade the express statutory mechanism contemplated by section 171.088(a)(4), rendering that section meaningless. See Southwinds Express Constr., 513 S.W.3d at 84 (Frost, C.J., concurring). We will not construe statutes in such a way as to render provisions meaningless. See Sharp Eng'g v. Luis, 321 S.W.3d 748, 750 (Tex. App.—Houston [14th Dist.] 2010, no pet.)

---

12. We are aware of two decisions in which courts, including ours, have implied that a party may rely upon TAA section 171.088(a)(3)(A) as a basis for vacating an arbitration award on the ground that no agreement to arbitrate existed. See Southwinds, 513 S.W.3d at 76 n.5; Leshin v. Oliva, No. 04-14-00657-CV, 2015 WL 4554333, at *3 (Tex. App.—San Antonio July 29, 2015, no pet.) (mem. op.). But neither court directly addressed the question. Further, in both cases, unlike here, the party seeking to vacate the award included proof that the party did not participate in the arbitration without raising the objection. See Southwinds, 513 S.W.3d at 70 (detailing argument made to arbitrator); Leshin, 2015 WL 4554333, at *1 (party challenging arbitration award was never a party to arbitration in individual capacity—only as trustee—and was never served with notice in his individual capacity).

("Courts should not adopt a construction that renders statutory provisions meaningless.") (citing *Fleming Foods of Tex. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999)). If litigants could raise the lack of an arbitration agreement for the first time in a motion to vacate by asserting the arbitrator "exceeded his authority" under section 171.088(a)(3)(A), then they could potentially set aside arbitration results without first having sought a stay or even raised the objection during the arbitration. Permitting that result would undermine the obvious purpose of section 171.088(a)(4), which applies specifically to claims that no agreement to arbitrate exists. " 'In construing the TAA, we are obliged to be faithful to its text.' " *Hoskins*, 497 S.W.3d at 493 (citing *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 (Tex. 2011)). When statutory text is clear and unambiguous, we construe that text according to its plain and common meaning unless a contrary intention is apparent from the statute's context. *Id.* at 494-95.

■ As the party seeking to vacate the award, Camil "bears the burden of presenting a complete record that establishes grounds for vacatur." *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *see also Patel v. Moin*, No. 14-15-00851-CV, 2016 WL 4254016, at *3 (Tex. App.—Houston [14th Dist.] Aug. 11, 2016, pet. denied) (mem. op.). Under section 171.088(a)(4), Camil must provide proof that: (1) there was no agreement to arbitrate; (2) the issue had not already been decided adversely against him in a proceeding to compel or stay arbitration; and (3) he did not participate in the arbitration without raising the objection he now makes on appeal. *See* Tex. Civ. Prac. & Rem. Code § 171.088(a)(4); *Aspri Invs. LLC v. Afeef*, No. 04-10-00573-CV, 2011 WL 3849487, at *4 (Tex. App.—San Antonio Aug. 31, 2011, pet. dism'd) (mem. op.); *see also Southwinds Express Constr.*, 513 S.W.3d at 83-84 (Frost, C.J., concurring).

■ Here, the record does not show that Camil objected to the lack of an agreement to arbitrate in the arbitration proceeding. No arbitration transcripts are contained in our record. Camil's motion to vacate does not attach admissible evidence proving that he raised the objection in the arbitration. Camil did not bring forth any pleadings or documents filed by him in the arbitration. In his appellate brief, Camil contends that he asserted the objection by and through Samir in the arbitration, but the record does not bear this out. Though Samir filed a special appearance in the arbitration and asserted the lack of an arbitration agreement, Camil did not sign or join that document, and it was not filed on Camil's behalf. The arbitration award references an email sent to the arbitrator by Camil but that email does not appear in our record and was not offered or admitted in connection with Camil's motion to vacate.

We cannot determine from the record the specific objections, if any, Camil asserted in the arbitration, including whether he argued that he did not sign an agreement to arbitrate. Thus, we cannot determine whether he made the objection that he now makes on appeal, as required under section 171.088(a)(4). As a result, Camil did not meet his burden of establishing this ground for vacatur. *See Penhollow*, 2008 WL 3020812, at *2; *Aspri Invs, LLC*, 2011 WL 3849487, at *4; *see also Southwinds Express Constr., LLC*, 513 S.W.3d at 84 (Frost, C.J., concurring).

■ Finally, Camil also argues that the award was invalid and should have been vacated because the trial court did not determine the issue of the applicability of the arbitration provision by holding an evidentiary hearing, citing *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266 (Tex.

1992), and *Estate of Guerrero*, 465 S.W.3d 693 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Even if the trial court reversibly erred in failing to hold an evidentiary hearing, that error would not be a ground for vacating the arbitration award. *See* Tex. Civ. Prac. & Rem. Code § 171.088(a)(1)-(a)(4); *Hoskins*, 497 S.W.3d at 495. Further, contrary to Camil's argument, both *Jack B. Anglin* and *Guerrero* address procedures applicable when deciding motions to compel arbitration, which did not occur here. *See Jack B. Anglin*, 842 S.W.2d at 269; *Guerrero*, 465 S.W.3d at 700. The decisions do not address the procedure for a court to apply when ruling on a motion to vacate, as in this case.

In any event, the record shows that the trial court held oral hearings on both the motion to vacate and motion for new trial. During the hearing on the motion to vacate, the court admitted evidence offered by Camil. During the subsequent hearing on the motion for new trial, the court also accepted Camil's offer of additional documents. Camil did not attempt to call any witnesses at either hearing.

But even if the trial court had failed to hold an evidentiary hearing, the record does not show that Camil was harmed by the alleged error. Tex. R. App. P. 44.1(a) (to obtain reversal on appeal, the record must show that error complained of probably caused the rendition of an improper judgment). We conclude that Camil's alleged error, if any, was harmless because the record does not show that Camil has evidence he raised his objection in the arbitration proceedings. Without establishing that he raised his objection in the arbitration proceedings, Camil cannot obtain vacatur of the award under the TAA. *See* Tex. Civ. Prac. & Rem. Code § 171.088(a)(4). Any failure to hold an evidentiary hearing on the existence of an agreement thus did not cause the rendition of an improper judgment. *See G & H*

*Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011).

We overrule Camil's second issue.

## DENIAL OF REQUEST FOR DAMAGES

Brewer & Pritchard requests that we award it damages under Texas Rule of Appellate Procedure 45 because it contends Camil's and Samir's appeal is frivolous. Rule 45 authorizes a court of appeals, in its discretion, to award just damages in cases where an appeal is objectively frivolous. *See Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011 pet. denied) (en banc). Although we have overruled both issues asserted by Camil and Samir, we do not find that the appeal was objectively frivolous. We deny the request for damages under Rule 45.

## CONCLUSION

The trial court properly confirmed the arbitration award in favor of Brewer & Pritchard because Camil and Samir did not establish any statutory grounds for vacatur. Accordingly, we affirm the trial court's judgment.