

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00245-CV

MITCHELL REITMAN AND
MELINDA REITMAN

APPELLANTS

V.

ROGER L. YANDELL

APPELLEE

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 153-246953-10

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Appellants Mitchell and Melinda Reitman assert that the trial court erred by compelling them to arbitrate their claims against Appellee Roger L. Yandell. Following the arbitration compelled by the trial court, the arbitrator signed his "Reasoned Arbitration Award" on August 17, 2016.

---

[1]*See* Tex. R. App. P. 47.4.

Subsequently, on November 10, 2016, Yandell filed an application to confirm the arbitration award under the Texas Arbitration Act (TAA) and sought entry of a final judgment. On May 18, 2017, the Reitmans filed a response to Yandell's motion to confirm the arbitration award. The Reitmans' response alleged various challenges to the arbitration award—including that Yandell was not a party to the arbitration agreement and that, instead, only his business, RLY Investments, Inc., was a party to it. In addition, the prayer in the Reitmans' response requested that the trial court vacate the award. The trial court subsequently signed a final judgment confirming the arbitration award. The Reitmans timely perfected this appeal from the final judgment confirming the arbitration award.

On appeal, the Reitmans set forth the tedious path their claims against RLY Investments, Inc. took in the trial court and in the first compelled arbitration and the equally tedious path that their claims against Yandell individually took in the trial court and in a second compelled arbitration. The Reitmans contend that the trial court erred by compelling the second arbitration of their claims against Yandell individually for a variety of reasons, including that their claims against him were torts and that Yandell was not a party to the contract containing the arbitration provision. The Reitmans also contend on appeal that the arbitrator's award of attorney's fees to Yandell in the second arbitration was arbitrary and capricious.[2]

---

[2]As pointed out by Yandell, a complete record from the second compelled arbitration is not before us.

Yandell contends on appeal that the trial court did not err by confirming the arbitration award and, in fact, was required to confirm it because the Reitmans did not timely file a motion to vacate the arbitration award within three months or within ninety days of the date the August 17, 2016 second arbitration award was filed or delivered as required under the Federal Arbitration Act (FAA) and the TAA, respectively. Yandell argues that to the extent the Reitmans' response to his motion to confirm the arbitration award can be construed as a motion to vacate, it was not timely filed and points out that if the Reitmans' response is not construed as a motion to vacate, then the trial court was required to confirm the award because no motion to vacate it was on file.[3]

Both the FAA and the TAA require a party to file a motion or application to vacate, modify, or correct the arbitrator's award within a set time after the award is filed or delivered: three months under the FAA and ninety days under the TAA. *See* 9 U.S.C.A. § 12 (West 2009) (FAA provision providing that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered"); Tex. Civ. Prac. & Rem. Code Ann. §§ 171.088, 171.091 (TAA provisions setting forth, respectively, grounds seeking and time limit for making application to vacate award and application to modify or correct award). Under either the FAA

---

[3]*See* Tex. Civ. Prac. & Rem. Code Ann. §§ 171.087, 171.088, 171.091 (West 2011) (requiring trial court to confirm arbitration award unless statutory grounds for vacating, modifying, or correcting award are offered by application filed within the ninety-day rule).

or the TAA, a party who fails to timely seek to vacate, modify, or correct an arbitrator's award forfeits his right to seek judicial review of the award.[4] And under either the FAA or the TAA, a trial court must confirm an arbitration award unless statutory grounds are offered (via an application filed within the three-month or the ninety-day rule, respectively) for vacating, modifying, or correcting the award.[5]

---

[4]*See, e.g.*, *Craig v. Sw. Sec., Inc.*, No. 05-16-01378-CV, 2017 WL 6503213, at *3 (Tex. App.—Dallas Dec. 18, 2017, no pet.) (mem. op.) (holding that once FAA's three-month period for filing motion to vacate has expired, a party may not attempt to vacate an arbitration award for any reason) (citing *Turner v. Tex//Tow Marine Towing & Salvage, LLC*, 502 S.W.3d 368, 372–73 (Tex. App.—Houston [14th Dist.] 2016, no pet.)); *Slay v. Nationstar Mortg., L.L.C.*, No. 02-09-00052-CV, 2010 WL 670095, at *3 (Tex. App.—Fort Worth Feb. 25, 2010, pet. denied) (mem. op.) (holding that "Slay did not seek to vacate, modify, or correct the arbitrator's award within three months or ninety days of the award and forfeited his right to seek judicial review of the arbitrator's award"); *Mauldin v. MBNA Am. Bank, N.A.*, No. 02-07-00208-CV, 2008 WL 4779614, at *3 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op.) (holding that party waived right to judicial review of arbitration award under FAA when he "filed his motion to vacate the arbitration award—in which he raised the same arguments he now raises on appeal—well beyond . . . [the] three[-]month deadline"); *La. Nat. Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc.*, 875 S.W.2d 458, 462 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (holding TAA's ninety-day time period for filing motion to vacate arbitration award is "a limitations period after which a party cannot ask a court to vacate an arbitration award").

[5]*See, e.g.*, *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 580 n.2 (5th Cir. 1986) (explaining that under FAA, "[a] court must grant an order confirming the award unless it finds that the award should be vacated, modified, or corrected" per 9 U.S.C. § 10 or § 11); *Kreit v. Brewer & Pritchard, P.C.*, 530 S.W.3d 231, 237 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (explaining that under TAA the trial court is required to confirm an arbitration award unless grounds are timely offered for vacating, modifying, or correcting the award per Texas Civil Practice and Remedies sections 171.087, 171.088, 171.091); *In re Chevron U.S.A., Inc.*, 419 S.W.3d 318, 326 (Tex. App.—El Paso 2010, orig. proceeding) (recognizing that in absence of service of notice of motion to vacate

4

The Reitmans did not seek to vacate, modify, or correct the arbitration award signed on August 17, 2016, until their May 18, 2017 response to Yandell's motion to confirm the award. Under either the FAA or the TAA, to the extent the Reitmans' response to Yandell's motion to confirm the arbitration award may be construed as an application for vacatur, modification, or correction of the arbitration award, it was not timely, and the Reitmans have therefore forfeited their right to seek judicial review of the award.[6]

We overrule the Reitmans' sole issue and affirm the trial court's judgment confirming the arbitration award.

PER CURIAM

PANEL: WALKER, MEIER, and KERR, JJ.

DELIVERED: March 15, 2018

---

before FAA's three-month deadline, trial court must grant order confirming award).

[6]*See* Tex. Civ. Prac. & Rem. Code Ann. §§ 171.087, 171.088, 171.091.

5