**Denied and Opinion Filed August 20, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00897-CV
_____

### IN RE WILLIAM SEDRIC AUTREY, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-8119-410**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

On October 9, 2014 following a bench trial, relator was convicted of four counts of organized crime and sentenced to life imprisonment. Relator appealed the convictions but this Court dismissed the appeal at relator's request. *See* 05-14-01381-CR. In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on a pretrial application for writ of habeas corpus that was purportedly filed May 28, 2014. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or

sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the pretrial habeas application, requested a hearing and/or ruling on the application, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). Moreover, the pretrial application was implicitly denied because the trial court proceeded to trial and rendered a judgment against relator. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (trial court's act of proceeding to trial without issuing requested bench warrant was implicit denial of its request); *see also Vaughn v. State*, 833 S.W.2d 180, 185 (Tex. App.—Dallas 1992, pet. ref'd) (trial court impliedly overruled motion for mistrial by proceeding with the trial); *see also Kreit v. Brewer & Pritchard, P.C.*, 530 S.W.3d 231, 236 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (by rendering final judgment confirming award, the trial court implicitly overruled the motion to vacate the award). As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


180897F.P05