# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00695-CV

**ACI Design Build Contractors, Inc., d/b/a E3D Architecture and Engineering; E3D LLC; E3D, a Veritas Financial Series LLC; Patrick Towne d/b/a E3D LLC Sustainable Building Solutions; and E3D Architecture and Engineering, Appellants**

**v.**

**3405 Rainforest Drive, LLC and Michael Gill, Jr., Appellees**

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-003047, THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

ACI Design Build Contractors, Inc., d/b/a E3D Architecture and Engineering; E3D LLC; E3D, a Veritas Financial Series LLC; Patrick Towne d/b/a E3D LLC Sustainable Building Solutions; and E3D Architecture and Engineering (collectively, ACI Design) appeal from the final judgment confirming an arbitration award in favor of 3405 Rain Forest Drive, LLC and Michael Gill, Jr. (collectively, 3405 Rain Forest). We will affirm.

## BACKGROUND

In January 2019, Gill and E3D LLC Sustainable Building Solutions entered into a fixed-price contract for the construction of a home at 3405 Rain Forest Drive in Westlake. Construction began in March 2019. During construction, changes were made to the scope of the project and 3405 Rain Forest paid additional requested sums related to the project. Although

the parties offer differing accounts of the preceding events, in June 2021, ACI Design Build Contractors, Inc. d/b/a E3d Architecture and Engineering sued 3405 Rain Forest Drive LLC alleging causes of action for breach of contract and quantum meruit based on its assertion that 3405 Rain Forest had failed to pay invoices submitted for construction services performed by ACI Design (Case 3047). In July 2021, 3405 Rain Forest sued ACI Design alleging that it had filed fraudulent liens on the project and seeking a declaration that the liens were invalid and unenforceable (Case 3106). ACI Design and 3405 Rain Forest agreed to consolidate the two cases into Case 3047 and also agreed to "draft an agreed motion to allow the Court to choose a neutral per the parties' Rule 11 Agreement filed on September 20, 2021."[1] The parties then filed an agreed motion to consolidate, which the trial court granted.

The parties filed another agreed motion in the consolidated case stating that "the parties have reached a settlement agreement disposing of the dispute" by agreeing to have a jointly selected "Appraisal expert" provide a decision regarding "the ultimate appraised cost of construction and allocation of costs to the Parties to determine any sums due from or to the other Party."[2] The parties asked the trial court to choose a "neutral" from a list of attorneys Board Certified in Construction Law by the Texas Board of Legal Specialization "to determine the value of the parties' contract and change orders" and to stay all proceedings "including any pending discovery, unless so requested by the neutral selected by the Court." In November

---

[1] The Rule 11 Agreement did not define the term "neutral" in the context of the parties' agreement.

[2] The parties stated that the terms of the "settlement agreement" were contained in a Confidential Mediator Proposal prepared by Lakeside Mediation Center that they maintain constituted a Rule 11 Agreement because it had been "filed with the court" as an attachment to ACI Design's First Amended Answer, Affirmative Defenses, and Counterclaim filed to 3405 Rain Forest's petition in Case 3106.

2021, the court signed an agreed order that appointed Joe Basham "to act as the neutral to determine the value of the parties' contract and change orders" and to "determine what amounts, if any, are owed to the builder or owner." The order further provided that "the owner shall receive credit for all corrective work completed to obtain a certificate of occupancy from the City of Austin" and that the parties "may seek relief from the court to effectuate the determination of the neutral." When Joe Basham declined the appointment due to a conflict of interest, the court signed a second agreed order on December 16, 2021 that was identical to the first except for naming Anthony Ciccone as the neutral in Joe Basham's place.

In February 2022, counsel for ACI Design filed a motion to withdraw, stating that he was "unable to communicate with [ACI Design] in a manner consistent with good attorney-client relations" and had "resigned as a W-2 employee and [ACI Design] has not paid wages dating back to Dec. 2021." On March 15, 2022, 3405 Rain Forest filed a response to the motion to withdraw pointing out that the motion did not provide last known addresses for the plaintiffs and asserting that counsel for ACI Design "had a propensity to file withdrawal motions" in cases in which he represented ACI Design, causing litigation delays. 3405 Rain Forest stated that it did not oppose "the delay time it would take" ACI Design to find other counsel but requested that the court "impose a time limit for [ACI Design] to find counsel, preferably within 20 days of the signing of the withdrawal order." The same day, 3405 Rain Forest also filed a "Motion for Contempt, to Show Cause, and Motion to Enforce" stating that the court had ordered "that Anthony Ciccone be the arbitrator for the matter," and that while 3405 Rain Forest had "paid the arbitration fee," ACI Design had neither "signed the arbitrator's fee agreement nor paid the arbitrator's fees thus delaying the resolution of this matter." 3405 Rain Forest again catalogued the instances in which counsel for ACI Design had filed motions to withdraw in other cases.

3

3405 Rain Forest requested that the court issue an order requiring ACI Design to show cause as to why they had violated the court's order by not signing "the arbitration agreement supplied by the Court appointed neutral, and have not paid their half of the arbitration fee." The motion also stated: "[T]he parties agreed in the Order to a court appointed neutral and to submit to arbitration. Thus, this Court has the ability to enforce the Order, and require [ACI Design] to sign the arbitration agreement and pay the required arbitration fee." 3405 Rain Forest asked the court to find ACI Design in contempt of court and order that, if ACI Design failed to pay "the arbitrator's fees and sign[] the arbitration agreement within 10 business days," the court would strike ACI Design's pleadings and render a default judgment in 3405 Rain Forest's favor. ACI Design did not file a response to the Motion for Contempt, to Show Cause, and Motion to Enforce. Instead, one week later, on March 22, 2022, ACI Design's counsel filed a second motion to withdraw and asked that the court sign an order "discharging [him] as attorney of record" for ACI Design.

On March 25, 2022, the court signed an order stating its finding that ACI Design was in violation of "this Court's Order dated December 16, 2021, which compelled the parties to arbitration." The court ordered ACI Design to "sign the arbitrator's fee agreement and pay all of the arbitrator's fees [] within 10 business days of this order and appear before the arbitrator as he so schedules." The order further stated that, if ACI Design failed to do so, 3405 Rain Forest "may have this Court hold a hearing to determine if" ACI Design's pleadings and defenses should be stricken and default judgment entered in 3405 Rain Forest's favor. ACI Design did not move for reconsideration, file a petition for writ of mandamus challenging the order, or otherwise lodge any objection to the trial court's order.

4

On March 31, 2022, the trial court granted ACI Design's counsel's motion to withdraw. The order stated that the appearance of new counsel for ACI "will not be a basis for delay" and noted that the "current settings and deadlines" include "[p]ayment in the amount of $5,000.00 to Anthony Ciccone, appointed arbitrator, and the signing of corresponding arbitration fee agreement, on or before Ten (10) days from the date of the order regarding the same." The record contains a document dated March 25, 2022, titled Arbitration Agreement and Appointment of Arbitrator prepared by Anthony Ciccone and signed by Michael Gill on behalf of 3405 Rain Forest on April 6, 2022, and by Patrick Towne on behalf of ACI Design on April 4, 2022. The Arbitration Agreement provides:

> We, the undersigned, hereby agree to submit the above-referenced matter to Anthony F. Ciccone, as neutral and arbitrator, to arbitrate and issue an award granting a resolution to the dispute between the undersigned parties concerning the construction of the improvements to the property located at 3405 Rain Forest Drive, Austin, Texas 78613 ("Residence"), pursuant to that certain Agreed Order signed by Judge Mauzy on December 16, 2021.

> We further agree that a judgment of any court having jurisdiction may be entered upon the award. The final hearing shall take place in Austin, Texas. The parties agree that the American Arbitration Association Construction Industry Arbitration Rules and Mediation Procedures shall apply to this matter.

In August 2022, 3405 Rain Forest filed a "Motion to Confirm Award of Arbitrator and for Entry of Final Judgment." The motion stated that "the Court ordered the parties to participate in binding arbitration before Anthony Ciccone in an Order dated December 16, 2021" and that on August 5, 2022, "the Court-appointed Neutral/Arbitrator, Anthony Ciccone, signed an award in favor of" 3405 Rain Forest. The motion to confirm the arbitration award attached a "Final Findings of Neutral and Award" signed by Ciccone. Ciccone stated that he had conducted a preliminary meeting with the parties in which they agreed that they would submit "any position

papers, documents, or evidence" to him on or before May 21, 2022. Ciccone stated that the parties agreed that he could have "an ex parte communication with Patrick Towne so he could explain his side of the dispute." Ciccone further stated:

> On or around June 23, 2022, I engaged in a phone conference with Patrick Towne during which he explained to me the background and history of the above-referenced matter from his perspective. During this conversation, I told Mr. Towne that we had not received a submission or any document in support of his claims. I further explained to Mr. Towne that we do not go out and gather evidence and perform an independent investigation. I further explained to Mr. Towne that if there are documents or a submission he would like considered then he would need to directly submit the documentation to this office for review. In the interest of fairness, I agreed to extend the submission deadline to July 1, 2022, and I sent an email to the Parties disclosing the telephone conference. On or around July 1, 2022, I received an email from Mr. Towne which had several attachments. After the close of the evidence date, both parties submitted additional items of evidence and/or information. All late filed evidence, documents, and/or information was reviewed and considered in making this award.

Ciccone then stated his findings that (1) 3405 Rain Forest overpaid ACI Design in the amount of $373,691.98 for construction of the residence and that amount represented a reasonable, fair, and equitable compensatory damages award; (2) 3405 Rain Forest should recover reasonable and necessary attorneys' fees, expenses, and costs of $79,719.61; (3) 3405 Rain Forest should recover an additional $5,000.00 for arbitration fees; and (4) 3405 Rain Forest should be awarded $10,000 pursuant to Texas Civil Practice and Remedies Code chapter 12 based on ACI Design's filing three separate liens on the residence with the intent to defraud.

In its motion, 3405 Rain Forest requested that the court confirm the award pursuant to Texas Civil Practice and Remedies Code section 171.087. *See* Tex. Civ. Prac. & Rem. Code § 171.087 (providing that "unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall

confirm the award"); *see also id.* §§ 171.088 (providing cirumstances under which, "on application of a party," court shall vacate award), .091 (providing circumstances under which, "on application," court shall modify or correct award). ACI Design did not file a response to the motion, nor did it file any application requesting that the court vacate or modify the award.

The court held a hearing on the motion to confirm the award on September 28, 2022. 3405 Rain Forest appeared through counsel and Patrick Towne appeared pro se. 3405 Rain Forest requested that the court confirm the award pursuant to Texas Civil Practice and Remedies Code section 171.087, pointing out that there had been no application to vacate, modify, or correct the award. When asked whether he objected to the court's confirming the award, Towne stated that it was his understanding that the neutral, Ciccone, would conduct an appraisal of the residence and then each party would "have their own appraisal or experts to review the appraisal" and "either agree with it or disagree with it." The court explained to Towne that in arbitration the arbitrator makes a decision about contested facts and issues an opinion, which is then filed with the court for issuance of a judgment based on that opinion. The court stated that the arbitrator's award can only be attacked on certain grounds such as intrinsic fraud or undue influence. The court then stated that it was going to render final judgment confirming the arbitration award and concluded the hearing. The trial court signed a Final Judgment that awarded 3405 Rain Forest the amounts of damages, attorneys' fees, arbitration fees, and penalties under Texas Civil Practice and Remedies Code chapter 12 set forth in the arbitrator's Final Findings and Award. This appeal followed.

## DISCUSSION

ACI Design designates four issues on appeal, which reduce to complaints that: (1) the trial court erred by ordering the parties to arbitrate their dispute in the absence of an

arbitration agreement; and (2) the trial court erred in confirming the arbitration award. We address the related arguments in turn.

ACI Design asserts that the trial court erred when, on March 25, 2022, it determined that ACI Design had violated a December 16, 2021 order compelling the parties to arbitrate their dispute and ordered ACI Design to "sign the arbitrator's fee agreement" and "appear before the arbitrator as he so schedules." On appeal, ACI Design disputes that the December 16, 2021 order was one compelling the parties to arbitrate—in essence asserting that the trial court misinterpreted its own order—and further argues that the trial court erred by ordering it to sign an arbitration agreement when it had not agreed to arbitrate its disputes with 3405 Rain Forest. However, ACI Design waived these complaints when it failed to raise any objection to the court's order and, instead, signed an arbitration agreement agreeing to submit its dispute with 3405 Rain Forest to arbitration, with Ciccone acting as the neutral arbitrator. *See* Tex. R. App. P. 33.1(a) (stating that generally, to preserve complaint for appellate review, party must complain to trial court by timely request, objection, or motion, and trial court must rule or refuse to rule on request, objection, or motion). ACI Design neither filed a response to 3405 Rain Forest's motion to compel ACI Design to pay the arbitration fee and sign the arbitration agreement Ciccone had prepared, nor did it object to the trial court's order compelling arbitration by filing a motion for reconsideration informing the court of its position that the parties had not agreed to arbitration of their disputes. Regarding preservation of error, the Texas Supreme Court has stated:

> There are important prudential considerations behind our rules on preserving error. First, requiring that parties initially raise complaints in the trial court conserves judicial resources by providing trial courts the opportunity to correct errors before appeal. Second, judicial-decision making is more accurate when trial courts have the first opportunity to consider and rule on error. Third, a party

8

> should not be permitted to waive, consent, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time.

*Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 317 (Tex. 2012) (cleaned up). Rather than notify the court of its position that the parties had not agreed to arbitration, ACI Design signed the arbitration agreement and participated in the arbitration proceeding conducted by Ciccone. *See* Tex. Civ. Prac. & Rem. Code § 171.001(a) (providing that written agreement to arbitrate is valid and enforceable if agreement is to arbitrate controversy that exists at time of agreement); (b) (providing that party may revoke agreement only on ground that exists at law or in equity for revocation of contract). The first time that any of the ACI Design parties asserted that they had not agreed to arbitrate the dispute was at the hearing on 3405 Rain Forest's motion to confirm the arbitration award. Additionally, the statements to the court at the hearing on the motion to confirm were not specifically that ACI Design had not agreed to arbitrate but, rather, that Towne had a different understanding of how the dispute would be handled by the "neutral." Finally, Towne's objections could be made only on his own behalf, not on behalf of the other entities that were parties to the litigation. *See Lori Bernice Sharp Tr. v. Phung*, 622 S.W.3d 929, 929-30 (Tex. App.—Austin 2021, no pet.) ("According to Texas law, only a licensed attorney is allowed to represent other parties."); *see also 1 Fox 2 Prods., LLC v. Mercedes-Benz USA, LLC*, No. 03-20-00101-CV, 2021 WL 81865, at *4 (Tex. App.—Austin Jan. 7, 2021, no pet.) (mem. op.) (dismissing corporate appellant's issues raised in brief because LLC's owner could not represent entity pro se).

We next consider whether the trial court erred by confirming the arbitration award. As previously noted, the parties signed the arbitration agreement prepared by Ciccone, which stated that Ciccone would use the American Arbitration Association rules to resolve their

dispute. Rule 55(c) provides that the parties are "deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." *See* https://www.adr.org/sites/default/files/ConstructionRules_web.pdf (last visited July 16, 2024). We review a trial court's decision to confirm or vacate an arbitration award de novo. *Southwinds Express Constr., LLC v. D.H. Griffin of Tex., Inc.*, 513 S.W.3d 66, 70 (Tex. App.—Houston [14th Dist.] 2016, no pet.). "Review of an arbitration award is 'extraordinarily narrow.'" *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (quoting *Statewide Remodeling, Inc. v. Williams*, 244 SW.3 565, 568 (Tex. App.—Dallas 2008, no pet.)). We give an arbitration award great deference and indulge every reasonable presumption in favor of the award and none against it. *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *Amoco D.T. Co.*, 343 S.W.3d at 841. The party seeking to vacate the award "bears the burden of presenting a complete record that establishes grounds for vacatur." *Kreit v. Brewer & Pritchard, P.C.*, 530 S.W.3d 231, 243 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (quoting *Amoco D.T. Co.*, 343 S.W.3d at 841).

The Texas Arbitration Act (TAA) requires trial courts to confirm an arbitration award "[u]nless grounds are offered for vacating, modifying, or correcting [the] award under Section 171.088 or 171.091." Tex. Civ. Prac. & Rem. Code § 171.087. Here, 3405 Rain Forest petitioned the district court to confirm the award. ACI Design did not respond and made no effort to establish any of the grounds for vacating, modifying or correcting an arbitration award under the TAA or otherwise. As previously noted, Towne appeared at the hearing to confirm the award, without counsel, and stated that he had understood that Ciccone would conduct an appraisal of the residence and then each party would review the appraisal and "either agree with

10

it or disagree with it." To the extent Towne's comments constituted an assertion that there was no agreement to arbitrate, as the party seeking to vacate the arbitration award, he was obligated to present a record establishing that (1) there was no agreement to arbitrate; (2) this issue was not adversely determined in a motion to compel or stay arbitration; and (3) he did not participate in the arbitration without raising this objection. *See id.* § 171.088(a)(4); *Patel v. Moin*, No. 14-15-00851-CV; 2016 WL 4254016, at *3 (Tex. App.—Houston [14th Dist.] Aug. 11, 2016, pet. denied) (mem. op.); *Aspri I nvests., LLC v. Afeef*, No. 04-10-00573-CV, 2011 WL 3849487, at *4-5 (Tex. App.—San Antonio Aug. 31, 2011, pet. dism'd) (mem. op.). Towne failed to do so. Instead, the record reflects that on 3405 Rain Forest's motion to compel, the trial court ordered the parties to arbitrate and further reflects that Towne never raised this objection when communicating with Ciccone and otherwise participating in the arbitration. On appeal, ACI Design argues that the trial court erred by confirming the award because the arbitrator adjudicated matters other than the amount that 3405 Rain Forest had overpaid for the construction project. Having never raised in the trial court an objection that the arbitrator's award was beyond the scope of the arbitration agreement, ACI Design has failed to preserve this issue for appellate review. *See* Tex. R. App. P. 33.1.

### CONCLUSION

For the foregoing reasons, we overrule ACI Design's issues challenging the trial court's order confirming the arbitration award and we affirm the trial court's judgment.

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Affirmed

Filed:   July 18, 2024